# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY MOYLE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> LIBERTY MUTUAL RETIREMENT BENEFIT PLAN, et al., <br><br> Defendants. | CASE NO. 10CV2179 DMS (BLM) <br><br> **ORDER (1) DENYING MOTION TO DISMISS SECOND AND THIRD CLAIMS, (2) GRANTING IN PART MOTION TO DISMISS IMPROPERLY NAMED DEFENDANTS, (3) DENYING MOTION TO DISMISS FIRST CLAIM AS TO PLAINTIFF MOYLE, AND (4) GRANTING MOTION TO STRIKE DEMAND FOR TRIAL BY JURY** |

Pending before the Court is the motion of Defendants Liberty Mutual Retirement Benefit Plan ("Retirement Plan"), Liberty Mutual Retirement Plain Retirement Board ("Retirement Board"), Liberty Mutual Group Inc. ("LMGI"), and Liberty Mutual Insurance Company ("LMIC")(collectively, "Defendants") to (1) dismiss the second and third claims in the First Amended Complaint ("FAC"), (2) dismiss improperly named Defendants, (3) dismiss the first claim of the FAC with respect to Plaintiff Moyle, and (4) strike Plaintiffs' demand for trial by jury. For the following reasons, Defendants' (1) motion to dismiss the second and third claims is denied, (2) motion to dismiss improperly named Defendants is granted in part and denied in part, (3) motion to dismiss the first claim as to Plaintiff Moyle is denied, and (4) motion to strike the demand for trial by jury is granted.

//

## I.

## BACKGROUND

The instant action is a putative class action arising under the Employee Retirement Income Security Act ("ERISA"). Plaintiffs were hired by Golden Eagle Insurance Company ("Old Golden Eagle") between April 1988 and May 1990. (FAC ¶ 34.) On or about October 1, 1997, LMIC obtained control of the assets of Old Golden Eagle and subsequently formed Golden Eagle Insurance Corporation ("GEIC"). (*Id.* at ¶¶ 24, 35.) During the purchase of Old Golden Eagle and formation of GEIC, Plaintiffs were advised by Defendants that, if they remained in their positions after the acquisition, they would be eligible to participate in the Retirement Plan with full credit for their years of service with Old Golden Eagle. (*Id.* at ¶ 36.) On or around March 2002, Moyle's employment with GEIC ended. (*Id.* at ¶ 40.) Each of the other Plaintiffs' employment with GEIC also concluded thereafter. (*Id.* at ¶¶ 40, 46-48.) Upon retirement, Plaintiffs were sent documentation regarding their benefits under the Retirement Plan. (*Id.* at ¶ 41.) According to Plaintiffs, "[a]ll Plan documents provided to Plaintiffs and others similarly situated should include within 'credited service' those years employed with Old Golden Eagle." (*Id.*) On May 23, 2002, Defendants informed Moyle that he would not be provided with any credit for the years of employment with Old Golden Eagle. (*Id.* at ¶ 45.)

Plaintiffs filed a Complaint on October 19, 2010 and a First Amended Complaint on October 21, 2010. (Docs. 1, 3.) The FAC sets forth three claims for relief: (1) determination of terms of Plan and clarification of rights to future benefits under 29 U.S.C. § 1132(a)(1)(B), (2) promissory estoppel, and (3) violation of 29 C.F.R. 2560.503-1(h)(2). Defendants filed the instant motion on December 17, 2010. (Doc. 10.) Plaintiffs filed an opposition to the motion. (Doc. 15.) Defendants did not file a reply.

## II.

## LEGAL STANDARD

A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

1  R. Civ. P. 8(a)(2). The Supreme Court, however, recently established a more stringent standard of
2  review for pleadings in the context of 12(b)(6) motions to dismiss. *See Ashcroft v. Iqbal*, ___ U.S.
3  ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion
4  to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as
5  true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting
6  *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content
7  that allows the court to draw the reasonable inference that the defendant is liable for the misconduct
8  alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible
9  claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its
10 judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d
11 Cir. 2007)). The reviewing court must therefore "identify the allegations in the complaint that are not
12 entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to
13 determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

14                                                    **III.**

15                                              **DISCUSSION**

16 **A.    Motion to Dismiss Second and Third Claims in the FAC**

17       **1.    Promissory Estoppel**

18       Defendants argue the Ninth Circuit has rejected the use of promissory estoppel under ERISA.
19 *See DeVoll v. Burdick Painting*, 35 F.3d 408, 412 (9th Cir. 1994). Defendants further argue, even if
20 Plaintiffs' second claim is construed to assert a claim for equitable estoppel, which Plaintiffs argue it
21 should be, it still must be dismissed because Plaintiffs fail to state a claim upon which relief can be
22 granted. The Ninth Circuit does recognize a claim for equitable estoppel under ERISA under certain
23 circumstances and, for purposes of this motion, the Court construes Plaintiffs' second claim as a claim
24 for equitable estoppel. *Id.*; *Pisciotta v. Teledyne Indus.*, 91 F.3d 1326, 1331 (9th Cir. 1996). To
25 recover benefits under a theory of equitable estoppel, a plaintiff must establish five elements: (1) a
26 material misrepresentation, (2) reasonable and detrimental reliance upon the representation, (3)
27 extraordinary circumstances, (4) the provisions of the plan at issue are ambiguous such that reasonable
28 persons could disagree as to their meaning or effect, and (5) representations were made to the plaintiff

1  "involving an oral interpretation of the plan." *Pisciotta*, 91 F.3d at 1331.  Defendants assert Plaintiffs
2  have failed to sufficiently allege detrimental reliance, the existence of extraordinary circumstances,
3  and that the terms of the plan at issue were ambiguous.

4        As to detrimental reliance, Defendants argue, although Plaintiffs have alleged reliance, they
5  have failed to allege they acted or failed to act to their detriment in light of the alleged representations.
6  Defendants argue Plaintiffs' only alleged detriment is deciding to stay in their jobs after the
7  incorporation of the newly-formed GEIC, and that "'merely refraining from seeking other employment
8  is not considered 'detrimental' reliance' for purposes of estoppel claims under ERISA." (MTD at 7
9  (quoting *Biba v. Wells Fargo & Co.*, No. C 09-3249 MEJ, 2010 WL 4942559, at *11 (N.D. Cal. Nov.
10  10, 2010).)  Plaintiffs argue detrimental reliance may be shown where an employee foregoes
11  opportunities because he expected to receive certain benefits under the plan.  (Opp. at 9-10 (citing
12  *Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 442 (6th Cir. 2010).) "In order to show
13  detriment, or injury, a plaintiff must demonstrate that he relied upon the employer's representations
14  in a way that later led to injury." *Pell v. DuPont de Nemours & Co.*, 539 F.3d 292, 303 (3d Cir. 2008).
15  Plaintiffs allege they were advised by Defendants that, if they remained in their positions after the
16  acquisition, they would be eligible to participate in the Retirement Plan with full credit for their years
17  of service with Old Golden Eagle and that "Plaintiffs and the Class relied upon Defendants' promises
18  regarding crediting time employed at Old Golden Eagle for the purposes of benefits under the Plan
19  and, as a sign of their reliance, accept[ed] employment with Liberty Mutual and/or Golden Eagle Corp.
20  Plaintiffs' and the Class' reliance on Defendants' promise was foreseeable since the promise was an
21  inducement to the Old Golden Eagle employees to become employed by Liberty Mutual and/or Golden
22  Eagle Corp." (FAC ¶¶ 36, 80.)  The Court is not persuaded by Defendants' arguments that such
23  allegations are insufficient to plausibly state detrimental reliance at this stage in the proceedings.

24        Defendants also argue Plaintiffs have failed to sufficiently allege the existence of extraordinary
25  circumstances.  "Extraordinary circumstances can arise where there are 'affirmative acts of fraud,'
26  where there is a 'network of misrepresentations . . . over an extended course of dealing,' or where
27  particular plaintiffs are especially vulnerable." *Pell*, 539 F.3d at 303-04 (quoting *Kurz v. Phila. Elec.*
28  *Co.*, 96 F.3d 1544, 1553 (3d Cir. 1996)).  Plaintiffs argue their allegations of accepting a job with an

employer in reliance on the promise of a retroactively vested and funded pension sufficiently state extraordinary circumstances to survive the motion to dismiss. Plaintiffs allege it was represented to them during the time of the merger in 1997 that they would be credited with time worked at Old Golden Eagle for purposes of calculating their benefits under the Plan. They further allege they received booklets containing their individual benefits statements on April 30, 2001, and that Plaintiff Moyle's statement indicated a hire date and total period of employment consistent with the inclusion of his Old Golden Eagle years of employment for purposes of calculating benefits. The allegations in the FAC are sufficient to plausibly state extraordinary circumstances at the motion to dismiss stage.

Finally, Defendants argue Plaintiffs have failed to allege an aspect of the Plan relating to their claim for benefits which is ambiguous. Rather, Plaintiffs allege they are entitled to benefits under the terms and conditions of the Plan. (FAC ¶¶ 38, 41, 43-44, 49, 61-69.) In their opposition, Plaintiffs argue "[t]he fact that both sides believe the actual Plan language on this issue is unambiguous, in favor of their particular interpretation, inherently assumes an ambiguity." (Opp. at 11.) In the FAC, Plaintiffs point to provisions of the Plan providing past service credit for years of employment with Old Golden Eagle and allege documents provided to Plaintiffs indicated such years of employment would be considered for purposes of calculating benefits under the Plan. Nonetheless, Plaintiffs allege Defendants subsequently informed them they would not be credited for years of employment with Old Golden Eagle pursuant to the terms of the Plan. Plaintiffs further allege, "[t]o the extent there exists any ambiguity in Plan documents and materials provided to Plaintiffs and the Class about the Plan, or inconsistencies between Plan documents provided to Plaintiffs and the Class and principal Plan documents, the Plan is equitably estopped from denying Plaintiffs and the Class benefits under the Plan as any ambiguous language of the Plan is properly construed against the drafters of same . . . ." (FAC ¶ 70.) Accordingly, Plaintiffs have sufficiently alleged the existence of an ambiguity in the parties' interpretation of the terms of the Plan to survive the motion to dismiss. Accordingly, Defendants' motion to dismiss this claim is denied.

**2.   Violation of 29 C.F.R. 2560.503-1**

Plaintiffs bring a claim for violation of 29 C.F.R. 2560.503-1(h)(2) on behalf of the individual Plaintiffs against Defendants LMGI and the Retirement Board. 29 U.S.C. § 1133 states, "[i]n

accordance with regulations of the Secretary, every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 C.F.R. 2560.503-1(h)(2) sets forth the requirements that must be met in order for a plan's claims procedures to be considered as having provided a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination. Subsection (iii) states that the claims procedures of a plan must provide that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. 2560.503-1(h)(2)(iii)(stating that relevance of a document shall be determined by reference to paragraph (m)(8) of the section). In the FAC, Plaintiffs allege "[s]ubstantial portions of the records and documentation related to the Plaintiffs['] claims were not provided," in connection with the claims process and they "are entitled to recover a penalty of $100 per day per claimant for each day such information was not provided as set forth in 29 U.S.C. section 1132(c)(1), and are further entitled to an immediate order by this Court compelling Defendants to produce all such portions of the administrative record on Plaintiffs' claims which have not been produced as required by law." (FAC ¶¶ 87, 95, p. 19.)

Defendants argue Plaintiffs' third claim seeks statutory penalties under 29 U.S.C. § 1132(c)(1),[1] which they argue are not available for violations of 29 C.F.R. 2560.503-1(h)(2)(iii). Plaintiffs respond that this claim should survive Defendants' motion to dismiss because, in addition to requesting penalties, Plaintiffs request "an order compelling Defendants to produce all such portions of the administrative record on Plaintiffs' claims which have not been produced as required by law." (FAC at 19.) Plaintiffs argue this claim is not merely based upon the penalty provisions of 29 U.S.C. § 1132, but, rather, seeks to compel Defendants to produce the records required to be produced pursuant to 29 C.F.R. 2560.503-1(h)(2). Plaintiffs claim the Ninth Circuit's holding in *Sgro v. Danone*

---

[1] 29 U.S.C. § 1132(c)(1) states "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

*Waters of N. Am.*, 532 F.3d 940 (9th Cir. 2008), established that Plaintiffs have a claim pursuant to 29 U.S.C. § 1132. Defendants, in contrast, argue the relevant language in *Sgro* was merely dicta and the Court should follow the approach taken in *Bielenberg v. ODS Health Plan, Inc.*, 744 F. Supp. 2d 1130, 1143-44 (D. Or. 2010), which denied plaintiff's motion for leave to amend his complaint to add a claim for penalties pursuant to 29 U.S.C. § 1132(c)(1) based upon violations of 29 C.F.R. 2560.503-1(h)(2)(iii) on the basis that such penalties are not permissible and, thus, amendment would be futile.

The Ninth Circuit's opinion in *Sgro* states, in the context of discussion of a claim pursuant to 29 C.F.R. 2560.503-1(h)(2)(iii), that "ERISA's remedies provision gives Sgro a cause of action to sue a plan 'administrator' who doesn't comply with a 'request for . . . information. 29 U.S.C. § 1132(c)(1)." *Sgro*, 532 F.3d at 945. However, the opinion does not contain further discussion regarding the availability of statutory fines for violations of the regulation. The Court is not persuaded that the opinion in *Sgro* conclusively established the applicability of § 1132's penalties provisions to claims for violations of 29 C.F.R. 2560.503-1(h)(2)(iii), as Plaintiffs argue. However, neither is the Court persuaded by Defendants' argument that the opinions of other Circuit Courts should be adopted by this Court to find Plaintiffs have failed to state a claim for relief at the motion to dismiss stage. *See Groves v. Modified Ret. Plan for Hourly Paid Emps. of Johns Manville Corp. & Subsidiaries*, 803 F.2d 109 (3d Cir. 1986); *Stuhlreyer v. Armco, Inc.*, 12 F.3d 75 (6th Cir. 1993); *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397 (7th Cir. 1996); *Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079 (8th Cir. 2009).

Furthermore, although 29 U.S.C. § 1133 refers to employee benefit plans, 29 C.F.R. 2560.503-1(i)(5) specifically obligates plan administrators to provide access to documents and records upon an adverse benefit determination on review.[2] Defendants point to cases in the Third and Seventh Circuits that hold that penalties may only be imposed for violations of the statutes and not for violations of

---

[2] 29 C.F.R. 2560.503-1(i)(5) states, "[i]n the case of an adverse benefit determination on review, the plan administrator shall provide such access to, and copies of, documents, records, and other information described in paragraphs (j)(3), (j)(4), and (j)(5) of this section as is appropriate." 29 C.F.R. 2560.503-1(j)(3) states, in the case of an adverse benefit determination, "the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section."

regulations, but this Court is again not persuaded that these cases support a finding that Plaintiffs have failed to state a claim for relief that is plausible on its face at the motion to dismiss stage. Finally, in addition to seeking penalties pursuant to 29 U.S.C. § 1132(c)(1), Plaintiffs seek an order from this Court requiring Defendants to comply with their document production requirements. According to Plaintiffs, they are not relying on § 1132 for this aspect of their claim. Nonetheless, § 1132 provides the Court with the authority to grant such relief. *See* 29 U.S.C. § 1132(a)("A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such provisions or (ii) to enforce any provisions of this subchapter or the terms of the plan); 29 U.S.C. § 1132(c)(1)("the court may in its discretion order such other relief as it deems proper"). Accordingly, even if Plaintiffs are ultimately unable to recover statutory penalties for any alleged document production violations, they have stated a claim for relief that is plausible on its face. Defendants' motion to dismiss this claim is denied.

## B.    Motion to Dismiss Improperly Named Defendants

Defendants also argue, should the Court deny their motion to dismiss the second and third claims in the FAC, it should dismiss the claims as to certain Defendants who are improperly named. Plaintiffs state their second claim against all Defendants, but Defendants assert the Retirement Plan is the only proper party to an estoppel claim because it seeks an award of benefits allegedly due and therefore necessarily arises under 29 U.S.C. § 1132(a)(1)(B). However, other cases involving estoppel claims in the ERISA context have permitted such claims as to the parties alleged to have made the misrepresentation. *See Sprink v. Lockheed Corp.*, 125 F.3d 1257, 1261-63 (9th Cir. 1997). Accordingly, Defendants' motion to dismiss the second claim as to all Defendants other than the Retirement Plan is denied.

As to Plaintiffs' third claim, Defendants argue only the plan administrator–the Retirement Board, here–is liable for penalties under 29 U.S.C. § 1132(c)(1) and, accordingly, LMGI should be dismissed as a Defendant from the third claim. Plaintiffs do not oppose this and Defendants' motion to dismiss the third claim as to Defendant LMGI is therefore granted.

//

### C. Motion to Dismiss the First Claim With Respect to Plaintiff Moyle

Defendants move to dismiss Plaintiff Moyle's claim under 29 U.S.C. § 1132(a)(1)(B) on the basis that it is time-barred. The Ninth Circuit has held that California's four-year statute of limitations for written contracts applies to ERISA claims for benefits under § 1132(a)(1)(B). *See Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir. 2000). Accordingly, if Moyle's claim accrued more than four years prior to the filing of the instant lawsuit on October 19, 2010, it is time-barred.

An ERISA claim accrues "either at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1188 (9th Cir. 2010)(quoting *Wetzel*, 222 F.3d at 649). Defendants argue it is not necessary for a plan participant to file a formal application for benefits before knowing that his claim has been denied. *See Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006). "Instead, a cause of action accrues when a pension plan communicated 'a clear and continuing repudiation' of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his benefits had been 'finally denied.'" *Id.* (internal citations omitted). In support of their argument that Moyle's claim is time-barred, Defendants point to Plaintiffs' allegation in the FAC that "[o]n May 23, 2002, Liberty Mutual told Moyle that . . . Defendants would not provide Moyle any credit for the years of employment and service with Old Golden Eagle," as confirmation that Defendants clearly repudiated Moyle's right to benefits in 2002. (FAC ¶¶ 45, 41.)

Moyle argues nothing in the FAC indicates he had been provided sufficient information indicating his benefits had been "finally denied." The Court agrees. The allegation pointed to by Defendants does not sufficiently support a finding that Defendants had communicated "a clear and continuing repudiation" of Moyle's rights such that he "could not have reasonably believed but that his benefits had been finally denied." The FAC further alleges Moyle made a claim for benefits on January 26, 2008. (FAC ¶ 51.) On "April 23, 2008, LMGI, acting as a de facto administrator, served an initial denial of Plaintiffs' claims." (*Id.* at ¶ 54.) The administrative review of Moyle's claim was completed on October 23, 2009, when "LMGI, acting on behalf of itself and the other Defendants, denied each of the Plaintiffs' claims appeals." (*Id.* at ¶ 58.) There is not sufficient information before

the Court to support a finding that Moyle's claim is barred by the statute of limitations as a matter of law. Accordingly, Defendants' motion to dismiss the first claim with respect to Moyle is denied.

**D.     Motion to Strike Plaintiffs' Demand for Trial by Jury**

Plaintiffs state in their opposition, "[t]he Ninth Circuit does not grant a right to jury trial under the Seventh Amendment to the United States Constitution. Therefore, Plaintiffs concede this argument." (Opp. at 22 (citation omitted).) Accordingly, Defendants' motion to strike Plaintiffs' demand for a jury trial is granted with prejudice.

## IV.
## CONCLUSION

For the foregoing reasons, Defendants' (1) motion to dismiss the second and third claims is denied, (2) motion to dismiss improperly named Defendants is granted in part and denied in part, (3) motion to dismiss the first claim as to Plaintiff Moyle is denied, and (4) motion to strike the demand for trial by jury is granted.

**IT IS SO ORDERED.**

DATED: April 25, 2011

_____
HON. DANA M. SABRAW
United States District Judge