UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY MOYLE, et al.,<br><br>          Plaintiffs,<br>     vs.<br><br>LIBERTY MUTUAL RETIREMENT<br>BENEFIT PLAN, et al.,<br><br>          Defendants. | CASE NO. 10CV2179 DMS (BLM)<br><br>**ORDER GRANTING PLAINTIFFS'<br>MOTION FOR LEAVE TO<br>AMEND** |

    In this action brought by retired employees pursuant to the Employees Retirement Income Security Act ("ERISA"), Plaintiffs moved for leave to file a second amended complaint. Defendants oppose the motion in part. The motion is currently set for hearing on Friday, September 16, 2011. The matter is suitable for submission without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons which follow, Plaintiffs' motion is **GRANTED**.

    Plaintiffs were hired by Golden Eagle Insurance Company ("Old Golden Eagle") between April 1988 and May 1990. (First Am. Compl. ¶ 34.) On or about October 1, 1997, Liberty Mutual Insurance Company obtained control of the assets of Old Golden Eagle and subsequently formed Golden Eagle Insurance Corporation ("GEIC"). (*Id.* at ¶¶ 24, 35.) During the purchase of Old Golden Eagle and formation of GEIC, Plaintiffs were advised by Defendants that, if they remained in their positions after the acquisition, they would be eligible to participate in the Retirement Plan with full credit for their years of service with Old Golden Eagle. (*Id.* at ¶ 36.) On or around March 2002, Moyle's employment with GEIC ended. (*Id.* at ¶ 40.) Each of the other Plaintiffs' employment with

GEIC also concluded thereafter. (*Id.* at ¶¶ 40, 46-48.) Upon retirement, Plaintiffs were sent documentation regarding their benefits under the Retirement Plan. (*Id.* at ¶ 41.) According to Plaintiffs, "[a]ll Plan documents provided to Plaintiffs and others similarly situated should include within 'credited service' those years employed with Old Golden Eagle." (*Id.*) On May 23, 2002, Defendants informed Moyle that he would not be provided with any credit for the years of employment with Old Golden Eagle. (*Id.* at ¶ 45.)

Plaintiffs filed a complaint on October 19, 2010, and a first amended complaint on October 21, 2010. The first amended complaint sets forth three claims for relief: (1) determination of terms of Plan and clarification of rights to future benefits under 29 U.S.C. § 1132(a)(1)(B), (2) promissory estoppel, and (3) violation of 29 C.F.R. 2560.503-1(h)(2). In the second amended complaint, they propose to amend the second cause of action to add a request for remedies available under *CIGNA Corp. v. Amara*, 131 S.Ct. 1866 (2011), and add a fourth cause of action for violation of 29 C.F.R. §§ 2520.102-3(l) and 2520.102-2(a). Defendants oppose only the addition of the fourth cause of action.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend should be freely given "when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants argue the motion should be denied due to Plaintiffs' undue delay because they have known all along the facts underlying the fourth cause of action. "Undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Denial is improper in the absence of "a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Id*. Defendants do not contend that they were prejudiced by the timing of Plaintiffs' motion. Accordingly, to the extent they rely on undue delay alone, their argument is rejected.

1       Defendants also contend the motion should be denied with respect to the fourth cause of action because amendment would be futile in this respect. A district court does not abuse discretion by "denying leave to amend where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

      In the proposed second amended complaint, Plaintiffs allege that the Summary Plan Descriptions ("SPD") failed to comply with 29 C.F.R. §§ 2520.102-3(l) and 2520.102-2(a), which require employers to disclose, "in a manner calculated to be understood by the average plan participant," any "circumstances which may result in disqualification, ineligibility, or denial, loss, forfeiture, suspension offset, reduction or recovery . . . of any benefits that a participant might otherwise reasonably expect the plan to provide." During the purchase of Old Golden Eagle and formation of GEIC, Defendants represented to Plaintiffs that, if they remained in their positions after the acquisition, they would receive full credit for their years of service with Old Golden Eagle. While Plaintiffs were granted credit for purposes of eligibility and vesting, Defendants dispute Plaintiffs are entitled to credit for the purpose of calculating benefits under the Retirement Plan. (Opp'n at 3 & 4.) Plaintiffs contend this distinction is not apparent from the SPD.

      Relying on *Carver v. Westinghouse Hanford Co.*, 951 F.2d 1083, 1088-89 (9th Cir. 1991), Defendants argue they were not obligated to explain this distinction because ERISA does not require a successor employer to add prior service with the predecessor employer to the benefits calculation. *Carver* is unavailing to support this argument because it did not address the requisite disclosure under 29 C.F.R. §§ 2520.102-3(l) and 2520.102-2(a). Even if Defendants are not required to credit Plaintiffs with their years of service with Old Golden Eagle, they do not contend they are prohibited from doing so. Plaintiffs' theory of the case is that in light of Defendants' representations, which did not distinguish between credit for purposes of benefits calculation as opposed to credit for purposes of eligibility and vesting, a general statement in the SPD is insufficient under 29 C.F.R. §§ 2520.102-3(l) and 2520.102-2(a) to inform an "average plan participant" that he or she would not receive credit for purposes of benefits calculation. Defendants' futility argument with respect to this legal theory is rejected.

///

1    Defendants also contend that the fourth cause of action is futile because the "vague statement
2 of what the 'average plan participant would understand' . . . fails to constitute a factual allegation
3 under *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)." (Opp'n at 7.) Federal Rule of Civil Procedure
4 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."
5 Fed. R. Civ. Proc. 8(a)(2). In this regard, factual allegations in the complaint must provide fair notice
6 of the nature of the claim and grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S.
7 544, 556 n.3 (2007). As long as the complaint meets this standard, it need not include the facts
8 necessary to carry the plaintiff's burden, *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009),
9 reversed on other grounds, __ U.S. __, 131 S.Ct. 2074 (2011), or detailed factual allegations,
10 *Twombly*, 550 U.S. at 555. In the context of the allegations regarding the nature of Defendants'
11 representations, Plaintiffs' allegation that the SPD was insufficient for an average plan participant to
12 understand he or she would not receive service credit for purposes of benefit calculation is sufficiently
13 specific to meet the pleading requirements of Rule 8(a).

14    Finally, Defendants also contend leave to add the fourth cause of action should be denied
15 because it is merely a new legal theory based on the same facts and seeking the same relief as the
16 second cause of action. This argument is rejected because Rule 8(d)(2) expressly permits the pleading
17 of alternative claims.

18    For the foregoing reasons, Plaintiffs' motion for leave to amend is **GRANTED**. No later than
19 **September 21, 2011** Plaintiffs shall file and serve the proposed amended complaint attached to their
20 motion as Exhibit A. Defendants' response to the second amended complaint, if any, must be filed
21 and served within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

22    **IT IS SO ORDERED.**

23 DATED: September 14, 2011

25    HON. DANA M. SABRAW
      United States District Judge