UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY MOYLE, et al.,<br><br>                      Plaintiffs,<br>vs.<br><br>LIBERTY MUTUAL RETIREMENT BENEFIT PLAN, et al.,<br><br>                      Defendants. | CASE NO. 10cv2179-DMS (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING PRIVILEGE<br><br>[ECF NO. 143] |

Before the Court is the joint motion of the parties for a determination of a discovery dispute. The motion was filed on August 28, 2012. (ECF No. 143). Pursuant to discovery requests, Defendants withheld certain documents and communications either as privileged attorney-client communications or as attorney work product. Plaintiffs challenge the withholding of these materials asserting that neither the attorney-client privilege nor attorney work product protection applies to these materials because of the fiduciary exception. Plaintiffs also assert that the privilege logs are deficient. (*Id.*).

Background

This case arises from Plaintiff Moyle's former employment with Golden Eagle Insurance Company and later with Liberty Mutual Insurance, which acquired Golden Eagle in 1997. Plaintiff was employed by Golden Eagle in 1988 and was discharged

by Liberty Mutual in 2002. In this lawsuit, among other things, Plaintiff asserts that he was misled regarding the extent to which his service at Golden Eagle would be attributed to Liberty Mutual and has sued for improperly withheld benefits.

Litigation History

There is a lengthy history of litigation between these parties which bears recounting. Plaintiff Moyle first sued Golden Eagle and Liberty Mutual for wrongful termination in the Superior Court for the State of California. That case was removed by the defendants to this court in December 2002. (Case No. 02cv2468). In January 2003, Plaintiff dismissed the action. Plaintiff sued these defendants again in February 2003 in the Superior Court of the State of California alleging, among other things, that his pension benefits improperly were denied. That case was removed to this Court in March 2003. (Case No. 03cv509). The district court determined that Plaintiff's claims for benefits were pre-empted by ERISA and, since they were not properly pled, dismissed those claims with leave to amend. When Plaintiff opted not to amend his complaint, the district court remanded the case back to state court. (*Id.* at ECF Nos. 23, 25). In March 2005, Plaintiff sued these defendants in this court alleging ERISA violations. (Case No. 05cv507). The district court dismissed the complaint with prejudice for failure to state a claim because Plaintiff had not exhausted his administrative remedies. (*Id.* at ECF No. 32). The dismissal was upheld by the Ninth Circuit. (*Id.* at ECF No. 45).

Administrative Proceedings

Case No. 05cv507 was closed in November 2007. On January 26, 2008, Plaintiff Moyle presented his claim for benefits to the Liberty Mutual Retirement Benefit Plan. (ECF No. 143 at 2). Other identified Plaintiffs in this case joined in the claim. (*Id.*). The claims initially were denied on April 28, 2008. (*Id.*). In the denial letter, Plaintiff was invited to seek administrative review of the decision. (*Id.*). On June 20, 2008, Plaintiff sought review of the decision denying his claim for benefits. His claim was finally denied on October 23, 2009. (*Id.* at 3).

1   This lawsuit followed on October 19, 2010.

2   <u>The Instant Discovery Dispute</u>

3   Hewitt Associates, LLC ("Hewitt") is the record-keeper for the Liberty Mutual
4   Retirement Benefit Plan. (ECF No. 143-3 at 2). Conrad Group International
5   ("Conrad") is a human resources consulting firm hired by Defendants to conduct
6   interviews and prepare affidavits for individuals believed to have knowledge of
7   meetings held with Golden Eagle employees regarding the purchase of certain Golden
8   Eagle assets by Libery Mutual. (*Id.*).

9   Subpoenas with document requests were served upon Hewitt and Conrad by
10  Plaintiffs. (ECF No. 143 Exhs. A, B). Due to the relationship between these entities
11  and Defendants, Defendants conducted a privilege review of documents collected by
12  these entities for production pursuant to Plaintiffs' subpoenas. (ECF No. 143-3 at 2).
13  From the documents collected by Hewitt, Defendants report that 283,743 pages of
14  documents have been produced to Plaintiffs. (*Id.*) Withheld and challenged by
15  Plaintiffs are approximately 358 pages of documents from Hewitt consisting
16  primarily of a thread of ten electronic mails and attachments.

17  Regarding Conrad, approximately 92 pages of documents have been produced
18  to Plaintiffs. (*Id.* at 3). Eight pages have been withheld and are challenged by
19  Plaintiffs.

20  Plaintiffs challenge first the adequacy of the privilege log and, more
21  significantly, challenge any assertion of privilege by Defendants due to the fiduciary
22  exception to the attorney-client privilege. All of the challenged documents have been
23  submitted to the Court and reviewed *in camera*.

Discussion

25  <u>The Privilege and the Fiduciary Exception</u>

26  The Ninth Circuit consistently has described the attorney-client privilege as
27  protecting communications: (a) where legal advice of any kind is sought; (b) from a
28  professional legal advisor in his capacity as such; (c) relating to that purpose; (d)

1  made in confidence; (e) by the client; (f) that are at the client's insistence
2  permanently protected; (g) from disclosure by himself or the legal advisor; (h) unless
3  the protection be waived. *United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir. 2009);
4  *United States v. Martin,* 278 F.3d 988, 999 (9th Cir. 2002).  The party asserting the
5  privilege has the burden of establishing all of its elements and, even if established,
6  the privilege is strictly construed.  *Id.* at 999-1000.

7  The protection of attorney work-product is codified at Fed.R.Civ.P. 26(b)(3).
8  The work-product doctrine, which may be waived, protects from discovery "documents
9  and tangible things that are prepared in anticipation of litigation . . . by or for
10 another party or its representative."  *Id. See also United States v. Richey*, 632 F.3d
11 559, 567-68 (9th Cir. 2011).  Even if protected by the work-product doctrine,
12 documents may be discovered if they are relevant and the requesting party "shows
13 that is has substantial need for the materials to prepare its case and cannot, without
14 undue hardship, obtain their substantial equivalent by other means."  Fed.R.Civ.P.
15 26(b)(3)(A)(ii).

16 The Ninth Circuit is among those that have recognized a "fiduciary exception"
17 to the attorney-client privilege.  *See United States v. Mett*, 178 F.3d 1058, 1062-63
18 (9th Cir. 1999).  In the ERISA context, the fiduciary exception prevents an employer
19 acting as an ERISA fiduciary from asserting the privilege against plan beneficiaries
20 on matters of plan administration.  *Id.* at 1063.  After reviewing the case law, the
21 court of appeals concluded that plan administrators retain some ability to receive
22 confidential legal advice.  The court of appeals stated:

23 > Thus the case authorities mark out two ends of a spectrum.  On the one
> hand, where an ERISA trustee seeks an attorney's advice on a matter of
24 > plan administration and where the advice clearly does not implicate the
> trustee in any personal capacity, the trustee cannot invoke the attorney-
25 > client privilege against the plan beneficiaries.  On the other hand, where
> a plan fiduciary retains counsel in order to defend herself against the
26 > plan beneficiaries . . . the attorney-client privilege remains intact.

27 *Id.* at 1064.

28 Determining where on the spectrum a given scenario falls has proven tricky.

For the most part, courts have examined the facts and the disputed documents to determine whether the interests of the fiduciary and the plan beneficiary had diverged sufficiently at the time the legal advice was sought. If so, the privilege survives. *See Klein v. Northwestern Mut. Life Ins. Co.*, 806 F.Supp.2d 1120, 1131-32 (S.D.Cal 20110; *Allen v. Honeywell Retirement Earnings Plan*, 698 F.Supp.2d 1197, 1201 (D.Ariz. 2010). Courts regularly have rejected the notion that because denial of a claim likely, or even inevitably, will result in litigation, that legal advice rendered in advance of a claim denial remains subject to the privilege. *See Stephan v. Unum Life Ins. Co.*, ___ F.3d ____, 2012 WL 3983767, *13 (9th Cir. Sept. 12, 2012). Specifically, the court of appeals stated:

> Most courts have held that it is not until after the final determination – that is, after the final administrative appeal – that the interests of the Plan fiduciary and the beneficiary diverge for purposes of the fiduciary exception. . . . . We agree with the weight of authority.

*Id.* (citation to *Klein, supra,* omitted).

To the extent that documents are not privileged because of the application of the fiduciary exception, work-product protection also fails because the documents would not have been created in anticipation of litigation. *Neathery v. Chevron Texaco Group Accident Policy*, 2006 WL 4690828 *2 (S.D.Cal. July 11, 2006).

### The Hewitt Documents

Documents identified as Hewitt Priv. Nos. 1 - 322 were created in 2005. At that time, Plaintiff did not have an administrative claim pending. Rather, the matter was in active litigation. The interests of the fiduciary and beneficiary could not have been more divergent. The fiduciary was entitled to obtain confidential legal advice and the work-product of fiduciary's attorneys and their consultants are entitled to protection from discovery. The Court finds that the Defendants are entitled to assert attorney-client privilege and work-product protection for these documents.

Plaintiffs contend that the privilege log prepared by Defendants is deficient. The Court disagrees. Plaintiffs, on the other hand, have not identified specific

documents that they believe improperly are withheld. The Court has reviewed all of the withheld documents from 2005 and finds as follows:

1. The documents identified as Hewitt Priv. Nos. 10-13, 23-47, 53-77, 83-92, 93-107 and 175-178 are transcripts of telephone calls between Plaintiff Moyle and a claims representative. These documents are not privileged and are not work-product. They are to be produced; and,

2. The remaining documents from 2005 reflect requests for information and responses that appear to have been initiated for the purposes of litigation. These documents need not be disclosed.

Hewitt Priv. Nos. 323-358 cover the period beginning March 25, 2009 through June 28, 2010. The Court finds that documents numbered Hewitt Priv. Nos. 323-355, covering March 25, 2009 through April 9, 2009, are subject to the fiduciary exception and must be disclosed. Plaintiffs' administrative claim was pending review and there is no discussion in these documents of litigation or the personal liability of the fiduciary. The documents identified as Hewitt Priv. Nos. 356-358 properly have been withheld. These documents were created after the administrative claim had been finally denied and are clearly in anticipation of litigation.

The Conrad Documents

The withheld Conrad documents cover the period December 8, 2008 through December 30, 2008. During this period, the initial denial of Plaintiffs' administrative claim for benefits was under review by the Plan. This factor suggests that the fiduciary exception applies and privilege cannot be asserted. The Court has reviewed each document. Although the communications were between outside counsel for Defendants and Conrad personnel, the communications in the documents do not address litigation nor the personal liability of the fiduciary. Rather, the communications relate to the preparation of affidavits. It appears from the timeframe that the affidavits which are the subject of the communications were intended for use in the administrative appeal process. Consequently, the Court finds

that the fiduciary exception applies to these documents and they must be produced.

<u>Conclusion</u>

As provided above, the documents identified as Hewitt Priv. Nos. 10-13, 23-47, 53-77, 83-92, 93-107, 175-178 and 323-355 are to be produced to Plaintiffs. The documents identified as Conrad Priv. Nos. 1-8 also are to be produced. Absent further order of the Court or agreement of the parties, production must occur no later than October 12, 2012.

IT IS SO ORDERED.

DATED: September 27, 2012

*[signature]*
Hon. Mitchell D. Dembin
U.S. Magistrate Judge