# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY MOYLE, et al., <br><br> Plaintiffs, <br> vs. <br><br> LIBERTY MUTUAL RETIREMENT BENEFIT PLAN, et al., <br><br> Defendants. | CASE NO. 10cv2179-GPC (MDD) <br><br> ORDER DENYING MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON THE DISCOVERY DISPUTE REGARDING PRIVILEGE <br><br> [ECF NO. 172] |

On September 27, 2012, the Court ruled on the joint motion of the parties for a determination of a discovery dispute regarding documents withheld on the basis of attorney client and work product privilege. (ECF No. 160). At issue was the extent to which the fiduciary exception to the attorney client privilege applied to the withheld documents. The Court found that some documents properly were withheld and that others were subject to the fiduciary exception and had to be disclosed. *Id*. Defendants have moved the Court to reconsider its decision that certain Hewitt documents, specifically those numbered Hewitt Priv 324-355, are to be disclosed. (ECF No. 172). The Court has reviewed the motion, the memorandum of points and authorities submitted with the motion, the Declaration of Ashley Abel submitted under seal and again reviewed the documents which had previously been submitted for *in camera* review. The Court is not convinced that its earlier ruling was in error.

- 1 -  10cv2179 GPC (MDD)

The motion for reconsideration is **DENIED**.

## Discussion

Defendants assert that although the documents were created during the period of time that Plaintiffs' administrative claim was pending, the context in which those documents were created mitigates in favor of privilege. The documents consist of an electronic mail thread covering March 25, 2009, through April 9, 2009, reflecting communications between John St. Martin, the now-deceased pension and savings benefits manager of Liberty Mutual and personnel of Hewitt Associates, LLC, the record-keeper of the Liberty Mutal Retirement Benefit Plan. At the time of the communications, Plaintiffs' initial claim for benefits had been denied by Mr. St. Martin and the denial was pending review by Defendants' Retirement Benefit Board. In his Declaration, Mr. Abel, outside litigation counsel for Liberty Mutual, asserts that the communications were the result of requests that he made to Mr. St. Martin for information in anticipation of litigation. Inasmuch as this is not obvious from the content of the communications, and was not shown in the earlier motion, Defendants have moved for reconsideration. *See* CivLR 7(i)(1).

Despite the fact that the communications at issue were initiated by a query from outside litigation counsel to Mr. St. Martin, the Court finds that the fiduciary exception applies. The communications at issue involve calculations of plan benefits under several hypothetical scenarios. In that regard, the communications appear quite similar to those at issue in *Stephan v. Unum Life Ins. Co.*, ___ F.3d ___, 2012 WL 3983767, *13 (9th Cir. Sept. 12, 2012). In finding the documents subject to the fiduciary exception in that case, the Court of Appeals observed:

> The documents at issue are notes of conversations between Unum claims analysts and Unum's in-house counsel about how the insurance policy under which Stephan was covered ought to be interpreted and whether Stephan's bonus ought to be considered monthly earnings within the meaning of the plan.

*Id.*

Here, the communications are alternative calculations of plan benefits based

upon different start dates. At the time of the communications, Plaintiffs' administrative appeal had been pending for about one year and would not be decided for another four months. As in *Stephan*, Mr. Abel's Declaration notwithstanding,

> The context of the documents at issue here – communications in advance of Unum's decision on Stephan's appeal – indicates that their goal was the determination of Stephan's pre-disability earnings, a matter of plan administration, and was not preparation for litigation.

*Id.* Substitute Liberty Mutual for Unum, Plaintiffs for Stephan and determination of benefits under different vesting scenarios for pre-disability earnings, and we have our case.

Defendants place great emphasis on the litigation history between Plaintiff Moyle and Defendants. While it no doubt was true that Plaintiff would sue if he received an adverse decision on his appeal, that fact does not mean that the interests of the fiduciary and the plan beneficiary sufficiently had diverged at the time of the communications. The Ninth Circuit has agreed with the courts that have held "that it is not until after the final determination – that is, after the final administrative appeal – that the interests of the Plan fiduciary and the beneficiary diverge for purposes of the fiduciary exception." *Id.* Nothing in the communications reflect that they were in anticipation of litigation and there is no discussion of any possible personal liability of the fiduciary. The context added by Defendants in support of reconsideration, that these calculations were run at the request of Mr. Abel with litigation in mind, does not change the fact that the various permutations of benefits under different scenarios remain a matter of plan administration while the appeal was pending.

//
//
//
//
//
//

<u>Conclusion</u>

The motion for reconsideration is **DENIED**. Absent further order of the Court or agreement of the parties, production of the disputed documents must occur no later than October 25, 2012.

IT IS SO ORDERED.

DATED: October 15, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge