Ashley B. Abel (admitted Pro Hac Vice)
Robert M. Wood (admitted Pro Hac Vice)
**JACKSON LEWIS LLP**
One Liberty Square
55 Beattie Place, Suite 800
Greenville, South Carolina 29601
Telephone: 864-232-7000
Facsimile: 864-835-1381
Email: abela@jacksonlewis.com
woodr@jacksonlewis.com

Jennifer L. Santa Maria (SBN 225875)
JACKSON LEWIS LLP
225 Broadway, Suite 200
San Diego, CA 92101
Tel: 619-573-4900
Fax: 619-573-4901
Email: SantamariaJ@jacksonlewis.com

**ATTORNEYS FOR DEFENDANTS LIBERTY MUTUAL RETIREMENT BENEFIT PLAN, LIBERTY MUTUAL RETIREMENT PLAN RETIREMENT BOARD, AND LIBERTY MUTUAL GROUP INC.**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GEOFFREY MOYLE, an individual, PAULINE ARWOOD, an individual, THOMAS ROLLASON, an individual, and, JEANNIE SANDERS, an individual, on behalf of themselves and all others similarly situated, and ROES 1 through 500, inclusive,

Plaintiffs,

vs.

LIBERTY MUTUAL RETIREMENT BENEFIT PLAN; LIBERTY MUTUAL RETIREMENT PLAN RETIREMENT BOARD; LIBERTY MUTUAL GROUP INC., a Massachusetts company; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts company; and, DOES 1 through 50, inclusive,

Defendants.

CASE NO. 3:10-cv-02179-GPC-MDD

**<u>CLASS ACTION</u>**

**MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA**

Honorable Gonzalo P. Curiel
Magistrate: Mitchell D. Dembin

1

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants LIBERTY MUTUAL RETIREMENT BENEFIT PLAN, LIBERTY MUTUAL RETIREMENT PLAN RETIREMENT BOARD, AND LIBERTY MUTUAL GROUP INC. ("Defendants") hereby move this court for an order excluding Plaintiffs GEOFFREY MOYLE, PAULINE ARWOOD, THOMAS ROLLASON, and JEANNIE SANDERS ("Plaintiffs") experts James Fallon Stratman and Andrew W. Stumpff, for failure to comply with the Court's Scheduling Order and/or Rule 26(a)(2)(A) & (B), requiring expert reports. Defendants further move this Court for an order excluding the rebuttal Report, Amended Rebuttal Report, and anticipated testimony by Plaintiffs' expert Paul M. Secunda, as his reports and anticipated testimony do not comply with Rule 26(a)(2)(B) and Federal Rule of Evidence 702.

### II. LEGAL ARGUMENT

#### 1. Plaintiffs Did Not Comply with the Requirements Fed.R.Civ.P. 26(a)(2) or this Court's Scheduling Order.

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires disclosure of expert witnesses. Rule 26(a)(2)(B) specifically provides that "[u]nless otherwise stipulated or ordered by the court" the disclosure of expert witnesses "must be accompanied by a written report - prepared and signed by the witness" and containing six categories of information described by the rule. Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Additionally, this Court issued a Case Management Order on August 22, 2012, wherein this Court ordered:

> 1. The parties shall disclose the identity of their respective experts in writing by September 11, 2012. The date for the disclosure of the identity of rebuttal experts shall be on or before September 28, 2012 . . .
> 2. On or before October 5, 2012, each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure . . .
> 3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(C) on or before October 29, 2012.

2

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA

> 4. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed.R.Civ.P.37 including a prohibition on the introduction of experts or other designated matters in evidence.**

Aug. 22, 2012 Case Management Order, Doc. No. 142 (emphasis in original).

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires expert witnesses to provide a written report, which must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

In the instant action, Plaintiffs failed to comply with the requirements of Rule 26(a)(2)(B) and this Court's Scheduling Order because Plaintiffs did not submit any report of experts James Fallon Stratman and Andrew W. Stumpff at the time of the required disclosure, and in fact, have not done so at any time to date.

With respect to Stratman, Plaintiffs have merely listed him as a rebuttal expert in their designations served on September 28, 2012. (Exhibit A, Plaintiff's Rebuttal Expert Designation and Supporting Affidavit of Plaintiffs' Counsel.) In Paragraph 5 of the declaration of Plaintiffs' counsel attached to Plaintiffs' expert designation, Plaintiffs' counsel declares that Stratman is a Professor at the University of Colorado, Denver; that his fee is $325 per hour; and that he will "testify in this action to rebut any and all opinions presented by Defendants' experts, including, but not limited to opinions regarding communications with plan participants regarding retirement benefits, the adequacy of disclosures to plan participants regarding past service credits, and the sufficiency of the Plan documents,

3

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA

the SPDs, and the Plan amendments." (Exhibit A, Plaintiff's Rebuttal Expert Designation and Supporting Affidavit of Plaintiffs' Counsel.) Plaintiffs have provided no additional information to Defendants concerning Stratman, and no opinion for Stratman has been provided to Defendants.

As for Stumpff, he admitted in his deposition that he did not prepare a report pursuant to Rule 26(a) or, upon detailed examination on each subpart, did not comply with any of Rule 26(a)'s provisions, and further did not prepare a summary of his facts and opinions that he expects to offer. (Deposition of Stumpff at 42:10-48:12)[1]. Plaintiffs have given no explanation for their failure to comply with Rule 26(a), and their decision has unduly prejudiced Defendants by denying Defendants the opportunity to conduct meaningful discovery or adequately prepare for summary judgment or trial as to the alleged experts.

Plaintiffs also failed to fully comply with the requirements of Rule 26(a)(2)(B) because the Report, Rebuttal Report, and Amended Rebuttal Report prepared by Plaintiffs' identified expert, Paul M. Secunda, are based on hearsay conversations with Stumpff and therefore do not comply with Rule 26(a)(2)(B) as they fail to fully provide "the basis and reasons" for his opinions. In addition, Secunda's reports and anticipated testimony do not satisfy the requirements of FRE 702 and should be excluded for the reasons discussed below.

### A. Plaintiffs' Designated Experts Stumpff and Stratman Should Be Excluded for Failure By Each To File a Report As Required under FRCP 26 and 37.

Federal Rules of Civil Procedure 26(a)(2)(A), (B), and (C) and 37(c)(1) require the exclusion of an expert witnesses' testimony for failure to provide to the opposing party a written report prepared and signed by the witness. Rule 37 specifically provides:

> ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that **information or witness** to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. (Emphasis added.)

Fed. R. Civ. P. 37(c)(1)

[1] Excerpts of the deposition testimony of Andrew W. Stumpff are attached hereto as Exhibit B.

4

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA

The date in this action for the parties to comply with the disclosure provisions of Rule 26(a)(2)(B) was October 5, 2012, and the date set by the Court for the parties to supplement expert disclosures regarding contradictory or rebuttal evidence was October 29, 2012. Because Plaintiffs' experts' reports by Stumpff and Stratman were required to be issued by October 5, 2012, but were not, Defendants are deprived of an opportunity to depose the designated experts on any report that is ultimately issued. Defendants will be severely prejudiced if they are forced to cross-examine the expert for the first time at trial without being able to first analyze the substance of the expert's opinion and take a deposition regarding the opinion. Plaintiffs have provided no justification for this failure.

Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide the information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Federal Rule of Civil Procedure 37(c)(1) "provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." *See* Advisory Committee Notes to the 1993 Amendments to Rule 26. More specifically, Rule 37(c)(1) provides that a party who "without substantial justification fails to disclose information required by Rule 26(a) . . ., is not, unless such failure is harmless," permitted to use the evidence, "at trial, at a hearing, or on a motion." FED. R. CIV. P. 37(c)(1); *see also Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, at 603-04; *DP Wagner Mfg., Inc. v. Pro Patch Systems, Inc.*, 434 F. Supp. 2d 445, 464 (S.D. Tex. 2006) (granting motion to exclude expert testimony pursuant to Rules 26 and 37).

As the Ninth Circuit has noted, "Rule 37(c)(1) gives teeth to [the disclosure] requirements by forbidding the use at a trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also Carson Harbor Vill., Ltd. V. Unocal Corp.*, 2003 US Dist LEXIS 14438, *7 (C.D. Cal. Aug. 8, 2003) ("Excluding expert evidence as a sanction for failure to disclose expert witnesses in a timely fashion is <u>automatic and mandatory</u> unless the party can show the violation is either justified or harmless."); *Vu v. McNeil-PPC, Inc.* 2010 US Dist. LEXIS 53639 (N.D. Cal. 2009).

Moreover, and as noted in *Shaba v. The United States of America*, 2009 US Dist LEXIS 13598 at 11-12 (S.D. Cal. February 23, 2009), "The Ninth Circuit has expressly upheld a district court's exclusion

5

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA

of evidence submitted in opposition to a motion for summary judgment where the party did not comply with the requirements of Rule 26. *Wong v. Regents of the University of California*, 410 F.3d 1052 (9th Cir. 2005); *see also Luke v. Emergency Rooms, P.S.*, 2008 US Dist. LEXIS 10516 at **12-15 (granting summary judgment for defendant in medical malpractice case, where the only expert opinions relevant to causation were introduced for the first time in opposition to summary judgment)." Similarly, in *Sheakalee v. Fortis Benefits Insurance Company*, 2009 US Dist LEXIS 31290 (E.D. Cal., March 18, 2009), the Court held that although Plaintiff designated an expert, because the Plaintiff did not serve the defendant with a written report by that expert, the court properly excluded the testimony of the expert. *See also Ayala v. Mohave County*, 2008 U.S. Dist. LEXIS 93418 (D. Ariz. Nov. 7, 2008) (granting motion to strike expert where "disclosure certainly did not fulfill all the requirements of Fed. R. Civ. P. 26(a)(2)").

In *Hoffman, et al. v. Construction Protective Services, Inc., et al.*, 541 F.3d 1175, 1179 (9th Cir. 2008) the Court stated that Rule 37 "gives teeth" to the requirement of disclosure of an expert's computation of damages by precluding the use of the undisclosed information at trial. The Court further stated, "the portion of Rule 37 relied on by the district court has been described as a self-executing, automatic sanction to provide a strong inducement for disclosure of material." *Id.* at 1180.

Further, in *Trost v. Trek Bicycle Corporation*, 162 F.3d 1004 (8th Cir. 1998), the Eighth Circuit Court of Appeals precluded a plaintiff's attempt to introduce an expert at summary judgment. The Court reiterated the standard under Fed. R. Civ. P. 37(c)(1), finding a "party that . . . fails to disclose information required by Rule 26(a) . . . shall not be permitted to use [it] . . . unless such failure is harmless" or there was "substantial justification" for the failure. *Id.* at 1008. In fact, the Ninth Circuit has found that "in the context of Rule 37(c), '[d]isruption to the schedule of the court and other parties is not harmless. Courts set schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.' *Wong*, 410 F.3d at 1062." *Shaba v. The United States of America, supra*, at 13.

Moreover, Federal Rule of Civil Procedure 16(f) specifically authorizes the Court to sanction a party for failing to comply with the Court's Scheduling Order by excluding untimely disclosed expert testimony. *See Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) (affirming the trial court's

exclusion of untimely designated expert testimony and stating that "[r]egardless of [plaintiff's] intentions or inattention, which led to the flouting of discovery deadlines, such delays are a particularly abhorrent feature of today's trial practice . . . Adherence to reasonable deadlines is critical to restoring integrity in court proceedings"). This Court has broad discretion to exclude expert reports and testimony as a means of enforcing its orders, and any decision to do so will not be disturbed absent a clear abuse of discretion. *See id*.

Rule 26(a)(2)(C) requires that "unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Even if Plaintiffs argue that James Fallon Stratman and Andrew W. Stumpff are not required to provide a written report, no disclosure has been submitted which complies with Fed.R.Civ.P. 26(a)(2)(C).

Plaintiffs have not provided adequate justification for the blatant failure to provide the information required under Fed.R.Civ.P. 26(a)(2) and this Court's Scheduling Order. This failure is not harmless, but rather has prejudiced Defendants by depriving them of the opportunity to conduct discovery on the issues. Consequently, Defendants request that this Court enter an order striking Plaintiffs' experts James Fallon Stratman and Andrew W. Stumpff.

**B. <u>The Rebuttal Report, Amended Rebuttal Report, and Anticipated Testimony by Paul M. Secunda Should Be Excluded for Failure to Comply with FRCP 26(a)(2)(B).</u>**

Federal Rule of Civil Procedure 26(a) requires that an expert report "contain a complete statement of all opinions to be expressed and the basis and reasons therefor . . ." Fed. R. Civ. P. 26(a)(2)(B). Rule 37(c) of the Federal Rules of Civil Procedure provides that failure to disclose information required under Rule 26(a) will result in the exclusion of that information, unless the failure to provide the information was harmless or substantial justification is provided for the failure. Fed. R. Civ. P. 37(c)(1). *Sitrick v. Dreamworks, LLC*, 2006 U.S. Dist. LEXIS 97312 (C.D. Cal, July 20, 2006).

Plaintiffs' designation for expert Paul Secunda does not comply with the requirements of Fed.R.Civ.P. 26(a)(2). These rules generally require any expert designation to be accompanied by an expert report, prepared and signed by the witness, containing: (1) a complete statement of all facts and

7

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA

opinions the expert will express at trial, and the basis and reasons for those facts and opinions; (2) the data considered by the witness in forming his opinions; and exhibits the witness relies upon to summarize his opinions; (3) the witnesses' qualifications; (4) a list of other testimony given by the witness during the prior four years; and (5) a statement of compensation paid to the witness for his or her evaluation and testimony. Fed.R.Civ.P. 26(a)(2)(B). Mr. Secunda's Expert Report dated October 5, 2012 is attached as Exhibit C. Mr. Secunda's Rebuttal Report dated October 29, 2012 is attached as Exhibit D and his Amended Rebuttal Report dated October 30, 2012 is attached as Exhibit E.

Specifically, Paul Secunda's Rebuttal Report and Amended Rebuttal Report dated October 29 and 30, 2012, respectively,[2] do not provide a complete statement of the basis and reasons for his facts and opinions. Instead, his reports improperly state only conclusions. For example, the Amended Rebuttal Report states, without any basis for his opinion: "Just as it was inappropriate, and inconsistent with industry standards, for Ms. Sayles, the plan administrator, to rely on these outside documents for her plan interpretation, it is now also inappropriate for Mr. Johnson to utilize these documents to suggest that the claims process in this case was properly handled." (Amended Rebuttal Report, page 3, line 25-page 4, line 1.) Similarly, without explaining why or the basis for his statements, Secunda concludes "the plan administrator's reliance on outside document (beyond the Plan and SPD) as discussed in ¶ 5, suggests that the claims analysis did not live up to industry standards." (Amended Rebuttal Report, page 4, lines 16-18) Such conclusory statements, without factual analysis or analytical backing, are improper.

Further, the reports do not recite the data he considered in arriving at his conclusions. Instead, Secunda's Amended Rebuttal Report is silent as to the data he considered in arriving at his conclusions. Moreover, in an apparent attempt to create a basis for his report, Secunda's Amended Rebuttal Report simply states "I have consulted with Andrew W. Stumpff, a retained rebuttal expert in this matter, concerning the topics discussed in this rebuttal report and my previous Declaration," and that "My opinions below are based in part on my consultations with Mr. Stumpff, which took place on October 2, 2012, October 17, 2012, and October 23, 2012." In his deposition, Mr. Secunda testified that with

[2] The only difference between the Rebuttal Report and Amended Rebuttal Report is the addition of the one paragraph at the opening of the Amended Rebuttal Report stating "My opinions below are based in part on my consultations with Mr. Stumpff . . . in the Amended Rebuttal Report. Otherwise the two reports are identical." (Secunda Dep. 210:18-21). Excerpts of the deposition testimony of Paul M. Secunda are attached hereto as Exhibit F.

8

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA

respect to his rebuttal opinion, "I received my initial information from Mr. Stumpff." (See Exhibit F, Secunda Dep. 215:25-216:1.) Secunda's rebuttal reports, however, fail to state *what* was discussed with Mr. Stumpff during his consultations that resulted in his opinions, and *what part* of his opinions are based on his consultations with Mr. Stumpff. He further fails to state what *other evidence or data* was used to form his opinions, as he states his opinions are only based in part on his consultations with Mr. Stumpff.

Mr. Secunda's Report dated October 5, 2012 is itself flawed for the same reason. As Mr. Secunda testified, on October 2, 2012, he spoke with Mr. Stumpff in preparation for his original report dated October 5, 2012. (Exhibit F, Secunda Dep. 50:1-9.) Mr. Secunda admitted that he relied on "Mr. Stumpff for additional support for my conclusions." (Exhibit F, Secunda Dep. 209:13-15.) Specifically, Mr. Secunda testified, "I decided that in order to make sure that what I was thinking to be the standards in the industry for these types of ERISA issues, it would be helpful to rely upon someone who has twenty years of experience who has drafted these plans himself and so could kind of back up my own insights." (Exhibit F, Secunda Dep. 209:3-15.) Mr. Secunda's report and opinions are based on this conversation. (Exhibit F, Secunda Dep. 49:11-25; 76:16-23; 91:4-19; 101:23-102:2; 105:6-9; 117:9-16; 147:17-148:4; 155:4-9; 163:3-10; 165:17-23; 189:20-25; 210:9-12.) Neither Mr. Secunda nor Mr. Stumpff has made any record of their conversations. Accordingly, Defendants have no way of examining Mr. Secunda's conversations with Mr. Stumpff. Accordingly, Mr. Secunda's report must likewise be excluded because it is based on his hearsay conversation with Mr. Stumpff. In other words, it fails because it suffers from the fruit of the poisonous tree.

The failure to include this information violates Rule 26's requirements for a complete expert witness designation, and it warrants striking Paul Secunda's reports and excluding his anticipated testimony. FRCP 26(a) provides that a party must disclose, as directed by the court, its expert witnesses and a report that "contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefor." An expert report should be sufficiently complete as to include the substance of what the expert is expected to give in direct testimony, and the reasons for such testimony. The report should offer the "how and why" of the results, not mere conclusions. *Salgado by Salgado v. GMC*, 150 F.3d 735, 741-42 & n.6 (7th Cir. 1998). FRCP 37 provides, in relevant part, that a party may not rely on

9

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND
EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED
TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA

evidence that was not disclosed in violation of FRCP 26(a) unless the party has either a substantial justification or the information is harmless. *Bryant v. Wyeth* 2012 U.S. Dist. LEXIS 100706 (W.D. Wash., July 19, 2012)

Again, Plaintiffs have not set forth substantial justification for this failure. Moreover, Defendants would clearly be prejudiced by allowing Mr. Secunda to testify without a complete disclosure of the data underlying his analysis. Because Mr. Secunda's report fails to fully set forth the basis for his opinion beyond a terse description of three conversations with Mr. Stumpff, Defendants are unable to determine fully what Mr. Secunda's testimony will be at trial. Indeed, under the Federal Rules, Defendants cannot depose Mr. Secunda until he provides a complete expert report. *See* Fed. R. Civ. P. 26(b)(4)(A). Thus, it would be impossible for Defendants to challenge the basis for Secunda's conclusions absent such basic information. *See Campbell v. McMillin*, (2000) 83 F. Supp. 2d 761 at 764-766 (striking expert report that, *inter alia*, failed to contain information regarding the witness' qualifications and the underlying data used by the witness in arriving at his conclusions); *Pomales v. Bridgestone Firestone, Inc.*, (D.P.R. 2003) 217 F.R.D. 290, 292-294 (striking expert report that did not contain a *curriculum vitae*, because "it is substantially important of the opposing party to be given the *curriculum vitae* of the opposition's expert witness," and noting that the curriculum vitae allows the opposition to gauge the expert's qualifications, experience, and possible bias); *Solid Gold Hotel & Resort Casino of Tunica v. Miles*, 2004 U.S. Dist. LEXIS 30719, * 11 (W.D. Tenn. Dec. 14, 2004) (striking reports that failed to include, among other items, each expert's qualifications, prior testimony, and compensation); *Palmer v. Rhodes Mach.*, 187 F.R.D. 653 (N.D. Okla. 1999). Accordingly, the reports and anticipated testimony of Paul Secunda should be excluded.

**2. <u>Plaintiffs' Expert Secunda's Testimony Should Be Excluded as Inadmissible under Fed. R. Evid. 702 and Daubert</u>.**

With regard to the admissibility of expert testimony, Fed. R. Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods,

10

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA

> and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 charges district courts with a "gatekeeping" function to "ensure that any and all . . . evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Plaintiffs have the burden of establishing by a preponderance of the evidence that Mr. Secunda's testimony is admissible under Rule 702. See, e.g., *Lust by & Through Lust v. Merrell Dow Pharms*., 89 F.3d 594, 598 (9th Cir. 1996). Plaintiffs cannot satisfy this burden. An opinion based on questionable information may be excluded under FRE 702 on the ground that it would not "assist the trier of fact." *Guillory v. Domtar Indus. Inc.* (5th Cir. 1996) 95 F3d 1320, 1330. "[E]xperts' work is admissible only to the extent it is reasoned, uses the methods of the discipline, and is founded on data. Talking off the cuff--deploying neither data nor analysis--is not an acceptable methodology." *Lang v. Kohl's Food Stores, Inc*., 217 F.3d 919, 924 (7th Cir. 2000).

As discussed above in section (II)(1)(B), Secunda's opinions are merely conclusions without analysis of how he has applied the principles and methods reliably to the facts of the case. Further, Secunda's Amended Rebuttal Report states "I have consulted with Andrew W. Stumpff, a retained rebuttal "expert" in this matter, concerning the topics discussed in this rebuttal report and my previous Declaration," and that "My opinions below are based in part on my consultations with Mr. Stumpff, which took place on October 2, 2012, October 17, 2012, and October 23, 2012." However, in his report, Secunda fails to identify *what* was discussed with Mr. Stumpff during his consultations that resulted in his opinions, and *what part* of his opinions are based on his consultations with Mr. Stumpff. He further fails to identify what *other evidence or data* was used to form his opinions, as he states his opinions are only based in part on his consultations with Mr. Sumpff. Accordingly, Mr. Secunda's opinions do not set forth what facts or data he relies upon for his opinions and likewise do not set forth how he has applied the principles and methods to these undisclosed "facts" on which he relies. As such, Secunda should be precluded from testifying as he fails to satisfy FRE 702. Mr. Secunda lacks the background, knowledge or facts to assist the trier of fact with regard to any element of his report. Because, as noted at length

11

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA

above, Secunda based a substantial portion of his report on what another person, Strumpff, told him on the phone, he inherently admits the insufficiency of his ability to assist the trier of fact.

Beyond this admission that Secunda lacks relevant or reliable knowledge, his Curriculum Vitae (Exhibit A to this Motion's Exhibit C) makes it clear that he does not possess a degree in taxation such as an L.L.M. which is recognized as conferring expertise on employee benefit plans or relevant experience in the United States private sector specifically involving defined benefit pension plans such as the one at issue here.[3] On the other hand, Defendants' expert, Mr. Johnson has over 20 years experience with these exact plans in the United States.

Secunda's Curriculum Vitae also reflects he is merely an employment law generalist in his teaching capacity as an Associate Professor, including education law, employment discrimination, disability law, and civil procedure. His only claimed involvement in pension plans involves public sector plans in Canada, which are for different private sector plans under ERISA in America. This background hardly qualifies him as an expert in what American employers are required to do to fulfill their duties under ERISA. His proffered testimony is neither relevant nor reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); See also Fed. R. Evid. 702, Advisory Comm. Note to 2000 Amend (one factor courts should consider in weighing the admissibility of expert testimony is "[w]hether experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of litigation, whether they have developed their opinion expressly for the purpose of testifying").

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that pursuant to Federal Rule of Civil Procedure 37(c), this Court grant its motion to strike Plaintiffs' experts James Fallon Stratman and Andrew W. Stumpff, for failure to comply with the Court's Scheduling Order and/or Rule 26(a)(2)(A), (B), and (C), as no expert report has been provided for either expert. Further, Defendants request that this Court exclude the Rebuttal Report, the Amended Rebuttal Report, and anticipated testimony by

[3] Mr. Secunda attached his Curriculum Vitae as Exhibit A to his Expert Report which is attached as Exhibit C herein.

12

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA

Plaintiffs' expert Paul M. Secunda, for failure to comply with Rule 26(a)(2)(B) and pursuant to Federal Rule of Evidence 702.

DATED: January 3, 2013

JACKSON LEWIS LLP

By: *___/s/ Jennifer L. Santa Maria___*
Ashley B. Abel
Robert M. Wood
Jennifer L. Santa Maria
Attorneys for Defendants LIBERTY MUTUAL RETIREMENT BENEFIT PLAN, LIBERTY MUTUAL RETIREMENT PLAN RETIREMENT BOARD, AND LIBERTY MUTUAL GROUP INC.

13

Case No. 3:10-cv-02179-GPC-MDD

MOTION TO EXCLUDE PLAINTIFFS' EXPERTS STRATMAN AND STUMPFF AND EXCLUDE REBUTTAL REPORT, AMENDED REBUTTAL REPORT, AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERT PAUL M. SECUNDA