# Exhibit B

Case 3:10-cv-02179-GPC-MDD  Document 211-3  Filed 01/03/13  PageID.5639  Page 2 of 9

ANDREW W. STUMPFF  Non-Confidential Portions          November 19, 2012
MOYLE vs. LIBERTY MUTUAL                                            1

```
 1              UNITED STATES DISTRICT COURT

 2              SOUTHERN DISTRICT OF CALIFORNIA

 3

 4   GEOFFREY MOYLE, an individual,

 5   PAULINE ARWOOD, an individual,

 6   et al.,                          CASE NO.

 7                                    3:10-cv-02179-GPC-MDD

 8        Plaintiffs,

 9   vs.                              Hon. Gonzalo P. Curiel

10   LIBERTY MUTUAL RETIREMENT        Mag. Mitchell D. Dembin

11   BENEFIT PLAN; et al.,

12

13        Defendants.

14   ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~/

15

16

17   DEPONENT:  VIDEOTAPE DEPOSITION OF

18              ANDREW W. STUMPFF

19              **NON-CONFIDENTIAL PORTIONS**

20   DATE:      Monday, November 19, 2012

21   TIME:      9:05 a.m.

22   LOCATION:  JACKSON LEWIS, LLP

23              2000 Town Center, Suite 1650

24              Southfield, Michigan  48075

25   REPORTER:  Angela R. Mitchell, CSR-2151
```



Case 3:10-cv-02179-GPC-MDD  Document 211-3  Filed 01/03/13  PageID.5640  Page 3 of 9

ANDREW W. STUMPFF  Non-Confidential Portions          November 19, 2012
MOYLE vs. LIBERTY MUTUAL                                              42

```
 1        agreement.  I'm not sure that was volunteered to me.

 2        I might have requested to see the rehabilitation

 3        agreement.

 4   Q.   Is that all?

 5   A.   Certainly as far as I can recall.

 6             MS. EBERT:  Could you mark this as exhibit --

 7        what are we on?  Three.  Exhibit 3.

 8             (Marked Exhibit 3.)

 9   BY MS. EBERT:

10   Q.   Mr. Stumpff, I've placed in front of you a document

11        marked as Exhibit 3.  Have you reviewed Rule 26 to the

12        Federal Rules of Civil Procedure, in connection with

13        this matter?

14   A.   No.

15   Q.   Okay.  If you'll turn to Page 2, Rule 26(a)(2)

16        requires experts to make certain disclosures.  If you

17        turn to Page 3, those disclosures are listed.

18             Are you aware that Rule 26(a)(2) requires you

19        to provide a complete statement of all opinions that

20        will be expressed and the basis and reason for them?

21             MR. MYERS:  Objection.  It requires a legal

22        conclusion.

23             THE WITNESS:  And the answer is no.

24   BY MS. EBERT:

25   Q.   Have you done so?
```



ANDREW W. STUMPFF  Non-Confidential Portions
MOYLE vs. LIBERTY MUTUAL

November 19, 2012
43

1  A.  No.  Except to the extent, I suppose, that the

2     statement included in Exhibit 1, that we just looked

3     at, describes that.

4  Q.  Okay.

5  A.  But otherwise, no.

6  Q.  Are you aware that Rule 26(a)(2) requires you to

7     submit a report, which contains the facts or data

8     considered in forming your opinion?

9         MR. MYERS:  Objection.

10        THE WITNESS:  No.

11 BY MS. EBERT:

12 Q.  And have you done so?

13 A.  No.

14 Q.  Are you aware that Rule 26(a)(2) requires you to

15    submit a report, which includes any exhibits that will

16    be used to summarize or support your opinions?

17        MR. MYERS:  Objection.

18        THE WITNESS:  No.

19 BY MS. EBERT:

20 Q.  Have you done so?

21 A.  No.

22 Q.  Are you aware that Rule 26(a)(2) requires you to

23    provide qualifications, including a list of all

24    publications authored in the previous ten years?

25 A.  No.



1  Q.   Is that information included in your CV?

2  A.   Yes, except for the minor exceptions we discussed

3       earlier.

4  Q.   Are you aware that Rule 26(a)(2) requires you to

5       provide a list of all other cases, in which during the

6       previous four years you have testified as an expert by

7       trial or deposition?

8  A.   No.

9                MR. MYERS:  Objection.

10 BY MS. EBERT:

11 Q.   And there aren't any cases that -- at which you have

12      testified at trial or deposition, in the last four

13      years as an expert?

14 A.   Correct.

15 Q.   And are you aware that Rule 26(a)(2) requires an

16      expert to submit a statement of the compensation to be

17      paid for the study and testimony in the case?

18 A.   That I actually am aware of, not specifically due to

19      this rule, but just it's become clear to me that

20      that's required.  During the process, I guess, of

21      maybe setting our fees, we realized that that would

22      become public.

23 Q.   Okay.  And we've discussed that your fee is $290 an

24      hour?

25 A.   Yes.



ANDREW W. STUMPFF  Non-Confidential Portions
MOYLE vs. LIBERTY MUTUAL

November 19, 2012
45

```
 1   Q.   Okay.  So you have not provided a complete report, as

 2        required by Rule 26(a)(2), have you?

 3                  MR. MYERS:  Objection.

 4                  THE WITNESS:  So, I made no opinion on the

 5        implicit implication of the word "required" -- the

 6        words, "as required."  But I have not provided such a

 7        report.  No.

 8                  MS. EBERT:  Could you mark this as Exhibit

 9        4?

10                  (Marked Exhibit 4.)

11   BY MS. EBERT:

12   Q.   Mr. Stumpff, I have placed before you what has been

13        marked as Exhibit 4.  Have you reviewed the court's

14        case management order in this matter?

15   A.   No.

16   Q.   In Paragraph 1, the court requires the parties to

17        disclose the identity of their experts by September

18        28th.

19                  We've reviewed the plaintiffs' disclosure of

20        you as a rebuttal expert, and that's Exhibit 1 to this

21        deposition.

22   A.   Um-humm.

23   Q.   Is that correct?

24   A.   We have certainly reviewed that document.

25   Q.   Paragraph 2 of the court's case management order
```



```
 1      states that expert reports are due by October 5th.

 2      Were you aware of that?

 3                MR. MYERS:  Objection.

 4                THE WITNESS:  Yes, I was aware that there was

 5      an October 5th deadline, because that came up when I

 6      was working, talking, with Paul Secunda.

 7  BY MS. EBERT:

 8  Q.  Okay.  And you did not submit an expert report by

 9      October 5th?

10  A.  Correct.

11  Q.  Okay.  Paragraph 3 states that any party shall

12      supplement its disclosure regarding contradictory or

13      rebuttal evidence under Rule 26(a)(2)(c) on or before

14      October 29th, 2012, is that correct?

15  A.  That's what this says, yes.

16  Q.  Okay.  And you did not submit a rebuttal report on or

17      before October 29th, did you?

18  A.  That's correct.

19  Q.  Okay.  Let's go back to Exhibit 3.

20  A.  Okay.

21  Q.  Rule 26(a)(2)(c), "Witnesses who do not provide a

22      written report."  Have you reviewed this part of Rule

23      26?  And this is page -- Page 3 of Exhibit 3.

24  A.  No, I have not.

25  Q.  Okay.  Are you aware that a rebuttal witness -- let me
```



1   rephrase the question.

2           Are you aware that under Rule 26(a)(2)(c),

3   unless otherwise stipulated or ordered by the court,

4   if a witness is not required to provide a written

5   report, then a disclosure must be provided that states

6   the subject matter on which the witness is expected to

7   present evidence under Federal Rules of Evidence 702,

8   703, or 705?

9   A.   No, I was not aware.

10          MR. MYERS:   Objection.

11          THE WITNESS:   Sorry.

12  BY MS. EBERT:

13  Q.   Have you provided such subject matter?

14          MR. MYERS:   Objection.

15          THE WITNESS:   No.

16  BY MS. EBERT:

17  Q.   Are you aware that a witness, who does not provide a

18       written report, is required to provide a summary of

19       the facts and opinions to which the witness is

20       expected to testify?

21          MR. MYERS:   Objection.  It calls for a legal

22  conclusion.

23          Are we gonna go through all of Rule 26 to

24  understand his understanding of the law?

25          MS. EBERT:   This is my deposition.  So I'm



```
 1        gonna ask my questions.  So go ahead and state your

 2        objection, for the record.

 3   BY MS. EBERT:

 4   Q.   Do you need me to repeat that question?

 5   A.   No, I --

 6   Q.   Go ahead and answer it.

 7   A.   I'm not familiar with this rule or any subsection of

 8        it.

 9   Q.   Okay.  So have you provided a summary of the facts and

10        opinions to which you expect to testify at trial?

11               MR. MYERS:  Objection.

12               THE WITNESS:  No.

13               MS. EBERT:  Could you mark this as Exhibit

14        5?

15               (Marked Exhibit 5.)

16   BY MS. EBERT:

17   Q.   Mr. Stumpff, I've placed in front of you what's been

18        marked as Exhibit 5.  Do you recognize this document?

19   A.   Yes, I do.

20   Q.   And what is this?

21   A.   This is the Amended Rebuttal Declaration of Professor

22        Paul Secunda.  It's dated October 30, 2012.

23   Q.   Have you reviewed this document before?

24   A.   Yes, I have.

25               MS. EBERT:  Okay.  Would you mark this
```

