# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY MOYLE, et al., <br><br>                    Plaintiffs, <br> vs. <br><br> LIBERTY MUTUAL RETIREMENT BENEFIT PLAN, et al., <br><br>                    Defendants. | CASE NO. 10cv2179-GPC (MDD) <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO COMPEL <br><br> [ECF NOS. 194 and 201] |

On November 9, 2012, and November 14, 2012, Plaintiffs filed *ex parte* motions for the resolution of discovery disputes. The motions are to compel further discovery responses from Defendants. (ECF Nos. 194 and 201). Defendants responded on December 12, 2012 (ECF No. 207). The Court will address the disputed items below.

## Background

The Complaint was filed on October 19, 2010. (ECF No. 1). After early legal skirmishes were resolved in the district court, discovery opened following a Case Management Conference on June 20, 2011. (ECF No. 31). The Scheduling Order was filed on July 10, 2011. (ECF No. 32). The case results from the acquisition of Golden Eagle Insurance Company by Liberty Mutual Insurance Company. A class of former Golden Eagle employees has been certified. (ECF No. 113). The primary claim of the class is that they were misled into believing, by materially false statements and

omissions, that their time with Golden Eagle would be credited for vesting into the retirement benefits program of Liberty Mutual.

Despite the relatively straightforward nature of the claim, this case has spawned rather extensive litigation, including discovery litigation before this Court. Litigation regarding discovery commenced gently enough with disputes filed on December 9 and 14, 2011. (ECF Nos. 66, 70). In response, this Court held a discovery conference on January 23, 2012. (ECF No. 94). As a consequence of discussions at the conference, these initial discovery motions were denied without prejudice. (ECF No. 96).

Beginning in late August 2012, however, this case veered away from the cooperative advocacy envisioned by the Federal Rules and endorsed by the judges of the Southern District of California. Between August 28, 2012, and November 14, 2012, twelve discovery disputes were brought before the Court. The Court held three discovery conferences and issued Orders deciding four individual disputes. Following two of the discovery conferences, six motions were withdrawn or rendered moot by agreement of the parties.

According to Defendants, Plaintiffs have propounded 479 requests for production (excluding subparts), 193 interrogatories (excluding subparts) and 30 requests for admission. (ECF No. 207 at 2). Two agreements between the parties were endorsed by the Court and cover many, if not all, of the disputed items. (*See* ECF Nos. 153 and 158 endorsed by the Court in ECF Nos. 154 and 161). Plaintiffs do not address the agreements and have not sought their enforcement. Instead, Plaintiffs appear to have moved to compel responses to requests for production and interrogatories served prior to the agreements being made. The impact of the agreements will be addressed below as appropriate.

Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is

1  relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good
2  cause, the court may order discovery of any matter relevant to the subject matter
3  involved in the action." *Id*. Relevant information for discovery purposes includes any
4  information "reasonably calculated to lead to the discovery of admissible evidence,"
5  and need not be admissible at trial to be discoverable. *Id*. There is no requirement
6  that the information sought directly relate to a particular issue in the case. Rather,
7  relevance encompasses any matter that "bears on" or could reasonably lead to matter
8  that could bear on, any issue that is or may be presented in the case. *Oppenheimer*
9  *Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978). District courts have broad discretion
10 to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732,
11 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery
12 where the discovery sought is "unreasonably cumulative or duplicative, or can be
13 obtained from some other source that is more convenient, less burdensome, or less
14 expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the
15 burden or expense outweighs the likely benefits. *Id*.

16       "An interrogatory may relate to any matter that may be inquired under Rule
17 26(b)." Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory
18 by stating the appropriate objection(s) with specificity or by "answer[ing] separately
19 and fully in writing under oath." *Id*. at 33(b). The responding party has the option in
20 certain circumstances to answer an interrogatory by specifying responsive records
21 and making those records available to the interrogating party. *Id*. at 33(d).

22       Similarly, a party may request the production of any document within the
23 scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response
24 must either state that inspection and related activities will be permitted as requested
25 or state an objection to the request, including the reasons." *Id*. at 34(b). The
26 responding party is responsible for all items in "the responding party's possession,
27 custody, or control." *Id*. at 34(a)(1). Actual possession, custody or control is not
28 required. Rather, "[a] party may be ordered to produce a document in the possession

of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D.Cal.1995).

<u>Discussion</u>

It is a struggle, to say the least, to determine what is actually at issue, what has been produced and what remains to be produced. Some of the requests for production are duplicative or cumulative. *Compare* Moyle RFPs 111, 120 (Set Two) in ECF No. 194, *with* Rollason RFPs 18 and 4 in ECF No. 201. In some instances, it appears that there really is no dispute except that Defendants have not produced certain information as quickly as Plaintiffs would like. *See* Moyle RFP 102 (Set Two) in ECF No. 194. In some instances, Defendants have stated that no responsive documents exist or that responsive documents have been produced but Plaintiffs insist on a stronger response. *See* Moyle RFPs 134-136 and Defendants' responses. In at least one example, Plaintiffs concede that their request for production may be overbroad. *See* Moyle RFP 103 (Set Two) in ECF No. 194.

Defendants fare no better by filing a consolidated response to the motions in ECF No. 194 and 201 yet failing to address Moyle RFPs 120-122, 130 in ECF No. 194 and failing to address any of the disputed items in ECF No. 201 (except those fortuitously duplicated in earlier requests contained within ECF No. 194 to which they did respond). (ECF No. 207). Defendants did address items not presented by Plaintiffs as disputed. *See* responses to Moyle RFPs 106-110 in ECF No. 207.

The Court has been asked to rule and it will do so. The result, considering the confusing, incomplete mishmash before the Court, may be a function of the old adage, "garbage in, garbage out."

**ECF No. 194**

ECF No. 194 is Plaintiffs' motion to compel further responses to Requests for Production served by Plaintiff Moyle and Interrogatories served by Plaintiff Sanders.

Moyle Requests for Production - Sets Two and Three

RFP 98: Plaintiff requests the production of all documents regarding retirement benefit statements ever provided to "old" Golden Eagle employees. According to Plaintiff, the parties agreed that Defendants would produce retirement benefit statements for 117 randomly selected individuals for the years, 1993-1999, 2001 and 2008. Also according to Plaintiff, Defendants have not complied with the agreement. Defendants do not address Plaintiff's claim that the parties agreed to a limited production. Instead, Defendants generally object on grounds of relevance and that the information sought is cumulative.

Defendants' general objections cannot carry the day and they did not address Plaintiffs' allegations regarding their agreement. The Court will enforce the agreement. Defendants are **ORDERED** to produce retirement benefit statements for 117 randomly selected individuals from the group of "old" Golden Eagle employees from the years 1993-1999, 2001 and 2008.

RFP 101: Plaintiff requests the production of all documents constituting or referring to rough drafts, edited versions, red-line versions, working copies, notes and comments regarding any Summary Plan Descriptions. Defendants objected that the request is overbroad and irrelevant. Defendants assert that the request is not limited to the retirement benefit plan at issue in this case, is not limited by time and is not limited to the potential class members in this case.

The Court agrees with Defendants that this request is overbroad. The Court declines to re-write it and will not enforce it. Defendants need not respond further.

RFP 102: Plaintiff requests the production of personnel files for the named Plaintiffs and for any other class member that Defendants intend to use at trial. It is premature to require Defendants to determine what evidence they will seek to use at trial. Nonetheless, Defendants agreed to produce the personnel files for the named Plaintiffs. It is unclear whether they have done so. The Court will enforce the agreement and **ORDERS** Defendants to produce the personnel files for the named

1  Plaintiffs.  To the extent that Defendants intend to rely at trial on the contents of
2  personnel files of others, those materials must be produced in accordance with the
3  district court's pre-trial order or as otherwise required by law.

4  RFP 103: Plaintiff requests the production of documents provided to third-
5  party Hewitt Associates (the record-keeper for the Liberty Mutual retirement plan)
6  that relate to the plan.  Defendants object for overbreadth because the request is not
7  limited in time.  Defendants also respond by reference to the Rule 30(b)(6) deposition
8  of a Hewitt designee.  Plaintiff admits that this RFP may be overbroad and if the
9  Court so finds, recommends that the Court narrow the request to "old" Golden Eagle
10 employees.

11 There has been quite a bit of discovery and a discovery dispute regarding
12 Hewitt Associates.  *See* ECF Nos. 143, 152 and 160.  The RFP is overbroad.  The
13 Court will not enforce it and declines to re-write it for Plaintiff.  No further response
14 is required.

15 RFP 111: Plaintiff requests the production of all documents regarding
16 proposals made to the Conservation Court regarding the rehabilitation or acquisition
17 of any part of "old" Golden Eagle.  Defendants object that the request is overbroad
18 and rather unhelpfully refer the Court to their objection to RFP 101 above.

19 Despite the lack of any substance in their response, Defendants do have the
20 better of it; this RFP is overbroad as it would pertain to matters well beyond how
21 "old" Golden Eagle employees would be considered in Liberty Mutual's retirement
22 benefit plan.  The Court will not re-write it and will not enforce it.  No further
23 response is required.

24 RFP 120: Plaintiff requests the production of all documents constituting or
25 referring to the Proposed Vote of the Compensation Committee dated August 13,
26 1997.  Defendants did not address this RFP in their consolidated motion response.
27 Defendants generally objected, without discussion, on grounds of relevance, burden,
28 breadth and possible privilege.

1  Defendants' general objections, having been submitted without substance, are
2 **OVERRULED**.  Defendants are **ORDERED** to produce responsive, non-privileged
3 material or, if Defendants claim to have produced such material previously, identify
4 the responsive material in its prior productions.

5  RFP 121: Plaintiff requests the production of minutes of the August 13, 1997,
6 Compensation Committee meeting.  This request appears to require production of
7 items included in RFP 120 above and the same ruling applies.

8  RFP 122: Plaintiff requests the production of all documents referring to a
9 document produced by Defendants and identified a "Human Resource Analysis."
10 Defendants did not address this RFP in their consolidated motion response.
11 Defendants generally objected, without discussion, on grounds of relevance, burden,
12 breadth and possible privilege.

13  Defendants' general objections, having been submitted without substance, are
14 **OVERRULED**.  Defendants are **ORDERED** to produce responsive, non-privileged
15 material or, if Defendants claim to have produced such material previously, identify
16 the responsive material in its prior productions.

17  RFP 130: Plaintiff requests the production of all documents pertaining to the
18 Golden Eagle Board of Directors action on September 26, 1997.  Defendants did not
19 address this RFP in their consolidated motion response. Defendants generally
20 objected, without discussion, on grounds of relevance, burden, breadth and possible
21 privilege.

22  Defendants' general objections, having been submitted without substance, are
23 **OVERRULED**.  Defendants are **ORDERED** to produce responsive, non-privileged
24 material or, if Defendants claim to have produced such material previously, identify
25 the responsive material in its prior productions.

26  RFP 134: Plaintiff requests the production of all documents referring to the
27 determination of social security benefits for "new" Golden Eagle employees.
28 Defendants assert that responsive documents have been produced.  No further

response is required.

RFP 135: Plaintiff requests the production of the formula used to determine the social security benefits of "new" Golden Eagle employees. Defendants claim to have produced the responsive information. No further response is required.

RFP 136: Plaintiff requests the production of the formula used to determine the accrued amount for "new" Golden Eagle employees under the Liberty Mutual retirement benefit plan. Defendants, in addition to their standard general objections, suggest that they have produced the requested information by referring to documents and testimony reflecting the accrued amounts. Defendants do not state unequivocally that they have provided the formula used. If they have not done so, Defendants are **ORDERED** to produce the formula. If the formula has been produced, no further response is required.

RFP 137: Plaintiff requests the production of the salary history for every "new" Golden Eagle employee from date of hire through 1997. Defendants object on the grounds that pre-1997 salary is not a component of any formula calculating pension benefits for the class. In its motion response, Defendants assert that it does not possess salary data for the years before 1997 and that if any such data exists, it is in the massive collection of stored electronic information that has been produced pursuant to agreement with Plaintiffs.

Defendants need not respond further.

Sanders Interrogatories

At issue are Sanders Interrogatories 1, 2, 5, 6, 7, 15 and 24. These interrogatories generally pertain to electronically stored information ("ESI"), the litigation hold put in place by Defendants and the efforts made by Defendants to search for responsive data.

ESI Stipulation

On September 18, 2012, the parties filed with the Court a Joint Stipulation and Motion Regarding the Production of Electronically Stored Information. (ECF No.

1  153). The Court granted the Motion and endorsed the Stipulation the next day.
2  (ECF No. 154). As reflected in the Stipulation, there were 3.74 terabytes of data
3  secured by Defendants which may contain relevant information. The parties agreed
4  that Defendants would produce the metadata from the store. Plaintiffs would review
5  the metadata and narrow the scope of the actual data to be produced. According to
6  Defendants, the process proceeded to conclusion. *See* ECF No. 207 at 2. Plaintiffs do
7  not address the Stipulation in their motion and have not brought any motion to
8  enforce the Stipulation. The Interrogatories at issue appear to have been served
9  prior to the Stipulation. Consequently, the motion to compel further responses to
10 Sanders Interrogatories 1, 5, 6, 7, 15 and 24 is **DENIED** as moot.

11       Litigation Hold

12       On September 21, 2012, the parties filed a Joint Motion and Stipulation
13 Regarding the Production of Documents Subject to Defendants' Litigation Hold.
14 (ECF No. 158). The Motion was granted and the stipulation endorsed by the Court
15 on September 27, 2012. (ECF No. 161). Pursuant to their stipulation, approximately
16 500 gigabytes of data from multiple custodians was identified. The parties agreed
17 that Plaintiffs could select up to 7 custodians and prepare 12 Boolean searches to run
18 against that data. The parties would then meet and confer to discuss the volume of
19 data resulting from the searches and responsive data would be produced on a rolling
20 basis. (ECF No. 158). According to Defendants, the agreed-upon process has been
21 continuing with Plaintiffs' third set of revised searches sent to Defendants on
22 December 7, 2012. Defendants report that they are running the revised searches and
23 will respond "promptly" to Plaintiffs. Plaintiffs do not address the stipulation in their
24 motion to compel and, as before, it appears that the relevant interrogatory was
25 served prior to the stipulation. Consequently, the motion to compel further responses
26 to Sanders Interrogatory 2 is **DENIED** as moot.

27       **ECF No. 201**

28       ECF No. 201 is Plaintiffs' motion to compel further responses to eight Requests

1  for Production served by Plaintiff Rollason.  As mentioned above, Defendants, despite
2  filing a consolidated motion response, did not address these requests for production.
3  Consequently, the Court will rule based upon the responses provided by Defendants
4  following service of the requests and will consider Defendants' responses to identical
5  requests addressed elsewhere.

6      RFP 1: Plaintiff requests production of all documents regarding benefit
7  worksheets provided to "new" Golden Eagle employees upon their date of
8  termination.  Defendants generally object but state that they are making efforts to
9  locate or generate responsive documents through their outside vendor.  It appears
10 that Plaintiff has not received any further response.

11     Defendants are **ORDERED** to provide responsive documents or state
12 unequivocally that responsive documents cannot be located despite reasonable
13 efforts.  Defendants further are **ORDERED** to describe the reasonable efforts
14 undertaken to locate responsive documents.

15     RFP 2: Plaintiff requests production of all documents regarding retirement
16 benefits provided to "new" Golden Eagle employees upon employment termination.
17 This RFP appears duplicative of RFP 1 above.  The same ruling obtains.

18     RFP 3: Plaintiff requests the production of all documents provided to "new"
19 Golden Eagle employees upon commencement of retirement benefits.  Defendants
20 objections are generic.

21     Defendants' general objections, having been submitted without substance, are
22 **OVERRULED**.  Defendants are **ORDERED** to produce responsive, non-privileged
23 material or, if Defendants claim to have produced such material previously, identify
24 the responsive material in its prior productions.

25     RFP 4: Plaintiff requests the production of all documents concerning the
26 proposed vote of the Compensation Committee on August 13, 1997.  This RFP
27 duplicates Moyle RFP No. 120 above.  Defendants generally objected, without
28 discussion, on grounds of relevance, burden, breadth and possible privilege.

Defendants' general objections, having been submitted without substance, are **OVERRULED**. Defendants are **ORDERED** to produce responsive, non-privileged material or, if Defendants claim to have produced such material previously, identify the responsive material in its prior productions.

RFP 6: Plaintiff requests the production of all documents regarding pension evaluations by Defendants' pension actuary. Defendants generally objected, without discussion, on grounds of relevance, burden, breadth and possible privilege.

Despite the lack of any substance in their response, Defendants do have the better of it; this RFP is overbroad as it would pertain to matters well beyond how "old" Golden Eagle employees would be considered in Liberty Mutual's retirement benefit plan. The Court will not re-write it and will not enforce it. No further response is required.

RFP 7: Plaintiff requests the production of all documents regarding Hewitt Associates actuarial reports from 1997 to present. Defendants generally objected, without discussion, on grounds of relevance, burden, breadth and possible privilege.

Despite the lack of any substance in their response, Defendants do have the better of it; this RFP is overbroad as it would pertain to matters well beyond how "old" Golden Eagle employees would be considered in Liberty Mutual's retirement benefit plan. The Court will not re-write it and will not enforce it. No further response is required.

RFP 10: Plaintiff requests the production of all documents regarding correspondence between John St. Martin and Sasha Blom regarding past service credits. Defendants generally objected, without discussion, on grounds of relevance, burden, breadth and possible privilege.

Despite the lack of any substance in their response, Defendants do have the better of it; this RFP is overbroad as it would pertain to matters well beyond how "old" Golden Eagle employees would be considered in Liberty Mutual's retirement benefit plan. The Court will not re-write it and will not enforce it. No further

response is required.

RFP 18: Plaintiff requests the production of all documents regarding the Golden Eagle conservatorship proceeding.  Defendants generally objected, without discussion, on grounds of relevance, burden, breadth and possible privilege.

Despite the lack of any substance in their response, Defendants do have the better of it; this RFP is overbroad as it would pertain to matters well beyond how "old" Golden Eagle employees would be considered in Liberty Mutual's retirement benefit plan.  Plaintiff has offered to narrow the scope of this RFP to "predicate facts."  Defendants refused to agree to this limitation.  The Court will not re-write the RFP and will not enforce it.  No further response is required.

## Conclusion

As discussed herein, Plaintiffs' Motions to Compel are **GRANTED IN PART AND DENIED IN PART.**  To the extent that Defendants have been ordered to produce further responses or responsive documents, such responses or production must be made no later than January 25, 2013, absent further Order of the Court.

IT IS SO ORDERED.

DATED: January 7, 2013.

Hon. Mitchell D. Dembin
U.S. Magistrate Judge