# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY MOYLE, et al., | CASE NO. 10cv2179-GPC (MDD) |
| Plaintiffs, | ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERTS |
| vs. | |
| LIBERTY MUTUAL RETIREMENT BENEFIT PLAN, et al., | [ECF NO. 211] |
| Defendants. | |

On January 3, 2013, Defendants filed the instant motion seeking: 1) To exclude Plaintiffs' experts Stratman and Stumpff; 2) To exclude the rebuttal report and amended rebuttal report of Plaintiffs' expert Secunda; and, 3) To exclude testimony of Mr. Secunda. (ECF No. 211). Plaintiffs responded in opposition on January 11, 2013. (ECF No. 227).

Regarding Messrs. Stratman and Stumpff, Defendants complain that Plaintiffs failed to provide their expert reports as required by Fed.R.Civ.P. 26(a)(2)(B) and, consequently, their testimony should be excluded under Rule 37. Plaintiffs state that they have told Defendants that Plaintiffs will not be calling either Mr. Stratman or Mr. Stumpff as witnesses and have now told the Court that they will not be calling these persons as witnesses rendering the motion regarding these witnesses is moot. (ECF No. 227 at 5-6 (using ECF page numbering)). The Court agrees. Defendants

1  motion, to the extent it relates to Messrs. Stratman and Stumpff is **DENIED as**
2  **moot.**

3      Regarding Mr. Secunda, Defendants assert that his rebuttal report and
4 amended rebuttal report insufficiently disclose the facts and data underlying the
5 opinions asserted in these reports as required by Rule 26(a)(2)(B)(ii).  (ECF No. 227
6 at 7-9).  Defendants also appear to be challenging Mr. Secunda's initial report for
7 failing to disclose his reliance on conversations he had with Mr. Stumpff.  *Id.* at 9.
8 Defendants seek the exclusion of the rebuttal and amended reports and related
9 testimony.  Defendants also seek to have Mr. Secunda's anticipated testimony ruled
10 inadmissible under Fed.R.Evid. 702 claiming that his alleged failure to adequately
11 disclose the sources of his opinions suggests that the opinions are not based on
12 sufficient facts or data as required by the rule.  Plaintiffs oppose and claim that Mr.
13 Secunda sufficiently disclosed the facts and data underlying his opinions and that
14 those opinions are supported by sufficient facts and data.

15      The Court has reviewed Mr. Secunda's reports.  Defendants' motion as to Mr.
16 Secunda is **DENIED** without prejudice.

17 <u>Discussion</u>

18      The discovery litigation in this case has not been pretty.  *(See* ECF No. 223).
19 This issue has been before the Court previously in this case.  On November 7, 2012,
20 Plaintiffs brought a motion before the Court to compel Defendants to make further
21 disclosures regarding their expert's report under Rule 26(a)(2)(B). (ECF No. 189).  In
22 their motion, Plaintiffs asserted that the expert report provided by Defendants was
23 deficient for not containing a sufficient disclosure of the facts and data considered by
24 the expert in reaching his opinions.  (*Id.*).  Now the same issue is before the Court
25 with Defendants alleging deficiencies in the expert disclosures by Plaintiffs.
26 Apparently, having not mentioned it, neither party considered the Court's earlier
27 ruling on the identical issue relevant.  The Court will resolve the issue in the same
28 manner as it did before.

Previously, the Court ruled as follows:

> Defendants clearly are on notice that Plaintiffs consider their expert disclosure inadequate. Rule 26(a)(2)(E) places an affirmative duty on the parties to supplement their expert disclosures as required by Rule 26(e). Regarding expert witnesses, Rule 26(e)(2) provides that the party's duty to supplement includes information included in the report and provided at deposition. The Rule further provides that supplements or changes to the expert report or deposition "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."
> In the latest scheduling order, the parties pretrial disclosures under Rule 26(a)(3) are not due until April 5, 2013. If Defendants are confident that their disclosures are sufficient, they need not act. Otherwise, the parties are reminded of their duty to supplement their expert disclosures no later than the date that their Rule 26(a)(3) disclosures are due.

(ECF No. 202).

Now the Court rules as follows:

Plaintiffs clearly are on notice that Defendants consider their expert disclosures inadequate. Rule 26(a)(2)(E) places an affirmative duty on the parties to supplement their expert disclosures as required by Rule 26(e). Regarding expert witnesses, Rule 26(e)(2) provides that the party's duty to supplement includes information included in the report and provided at deposition. The Rule further provides that supplements or changes to the expert report or deposition "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."

In the latest scheduling order, the parties pretrial disclosures under Rule 26(a)(3) are not due until April 5, 2013. If Plaintiffs are confident that their disclosures are sufficient, they need not act. Otherwise, the parties are reminded of their duty to supplement their expert disclosures no later than the date that their Rule 26(a)(3) disclosures are due.

//
//
//
//
//

## Conclusion

As discussed herein, Defendants' Motion to Exclude Expert Reports and Testimony is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: January 14, 2013.

                                        Hon. Mitchell D. Dembin
                                        U.S. Magistrate Judge