1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

GEOFFREY MOYLE, an individual;
PAULINE ARWOOD, an individual;
THOMAS ROLLASON, an
individual; and JEANNIE SANDERS,
an individual, on behalf of themselves,

CASE NO.10cv2179-GPC(MDD)

**ORDER DIRECTING PARTIES TO
FILE ADDITIONAL BRIEFING**

13

Plaintiff,

14

vs.

15
16
17
18
19

LIBERTY MUTUAL RETIREMENT
BENEFIT PLAN; LIBERTY
MUTUAL RETIREMENT PLAN
RETIREMENT BOARD; LIBERTY
MUTUAL INSURANCE GROUP,
INC., a Massachusetts company;
LIBERTY MUTUAL INSURANCE
COMPANY, a Massachusetts
company,

20

Defendants.

21
22

On December 16, 2016, the Court held a hearing on Defendants' supplemental

23

motion for summary judgment.  In their supplemental motion for summary judgment,

24

Defendants sought to address the statute of limitations/statute of repose issue as well

25

as the "substantive merits of the fiduciary duty claim." (Dkt. No 294-1.)  While the

26

motion for summary judgment Defendants filed on January 3, 2013 presented six

27

arguments why summary judgment should be granted as to § 1132(a)(3), (Dkt. No.

28

212-1), the supplemental motion for summary judgment only addressed the issue of

statute of repose/statute of limitations, and the equitable relief based on reformation and surcharge. (Dkt. No. 296.)  Plaintiffs filed an opposition on the issues presented in the supplemental motion.  (Dkt. No. 298.)   The Court relied on the parties' supplemental briefing as the remaining issues left for the Court to rule on the breach of fiduciary duty cause of action; however, that appears not to be the case.  For example, at the hearing, Plaintiffs argued that Defendants had waived the affirmative defense of statute of limitations which was not raised in their supplemental opposition.[1] Therefore, the Court directs the parties to address issues that were not sufficiently addressed in their supplemental briefs and include the following:

1. whether  equitable tolling applies to 29 U.S.C. § 1113 as to Moyle

2. whether "date of discovery of such breach or violation" under the "fraud or concealment" exception differs from the "actual knowledge of the breach or violation"[2]

3. whether Defendants have waived the affirmative defense of statute of limitations.

Accordingly, IT IS HEREBY ORDERED that Defendants shall file a brief no longer than 10 pages, to address these issues on or before **January 6, 2017.**  Plaintiffs shall file an opposition, no longer than 10 pages, on or before **January 13  2017.** Defendants shall file a reply, no longer then 5 pages, on or before **January 20, 2017.** The parties shall not use footnotes to cite to cases and printed text shall be no smaller than 14-point standard font as required by Local Rule 5.1(a).

IT IS SO ORDERED.

DATED:  December 19, 2016

HON. GONZALO P. CURIEL
United States District Judge

---

[1]The Court notes the waiver issue was raised in Plaintiffs' opposition to Defendants' summary judgment motion. (Dkt. No. 233 at 40.) The Court notes that numerous other issues were also raised in their opposition.

[2]At the hearing, Defendants raised for the first time that the "date of discovery" is applied differently than "actual knowledge."

[10cv2179-GPC(MDD)]