# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY MOYLE, an individual, PAULINE ARWOOD, an individual, THOMAS ROLLASON, an individual, and, JEANNIE SANDERS, an individual, on behalf of themselves and all others similarly situated, and ROES 1 through 500, inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL RETIREMENT BENEFIT PLAN; LIBERTY MUTUAL RETIREMENT PLAN RETIREMENT BOARD; LIBERTY MUTUAL GROUP INC., a Massachusetts company; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts company; and, DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 10-cv-02179-GPC-MDD<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; DIRECTING ISSUANCE OF NOTICE; AND SETTING FINAL APPROVAL HEARING**<br><br>[Dkt. No. 332.] |

Plaintiffs Geoffrey Moyle, Pauline Arwood, Thomas Rollason, and Jeannie Sanders ("Plaintiffs") filed an unopposed Motion for Preliminary Approval of Class Action Settlement. Based on the findings and reasoning below, the Court GRANTS Plaintiffs' Motion for Preliminary Approval.

**Discussion**

I. **Preliminary Approval**

Rule 23(e) requires the Court to determine whether a proposed settlement is "fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal quotations omitted). In making this determination, a court may consider: (1) the strength of the plaintiff's case; (2) "the risk, expense, complexity, and likely duration of further litigation;" (3) "the risk of maintaining class action status throughout the trial;" (4) "the amount offered in settlement;" (5) "the extent of discovery completed and the stage of the proceedings;" (6) "the experience and views of counsel;" (7) "the presence of a governmental participant;" and (8) "the reaction of the class members to the proposed settlement." *Id.* (internal quotations omitted). Moreover, the settlement may not be the product of collusion among the negotiating parties. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000); *see also Barani v. Wells Fargo Bank, N.A.*, 2014 WL 1389329, at *4 (S.D. Cal. Apr. 9, 2014).

In considering whether to preliminarily approve a class settlement, the Court should consider whether the deal is both procedurally and substantively fair. *In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) ("preliminary approval of a settlement has both a procedural and a substantive component"). Specifically, the Court should confirm that "(1) the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, (2) has no obvious deficiencies, (3) does not improperly grant preferential treatment to class representatives or segments of the class, and (4) falls with[in] the range of possible approval." *Dilts v. Penske Logistics, LLC*, No.

08cv318-CAB(BLM), 2014 WL 12515159, *2 (S.D. Cal. July 11, 2014) (citations omitted).

### A. The Settlement Is the Product of Serious, Informed, Non-Collusive Negotiations

A settlement agreement is presumed to be fair if it is reached in arm's length negotiations after relevant discovery has taken place. *Cohorst v. BRE Prop., Inc.*, No. 3:10cv2666-JM(BGS), 2011 WL 7061923, *12 (S.D. Cal. Nov. 14, 2011) (stating that voluntary mediation before a retired judge in which the parties reached an agreement-in-principle are factors "highly indicative of fairness") (citations omitted).

In this case, the proposed Settlement is the product of over seven years of litigation. The Parties reached a settlement after completion of fact and expert discovery, an order certifying a class, a ruling in favor of Defendants on their motion for summary judgment, a cross-appeal to the Ninth Circuit, supplemental briefing and argument on Defendants' supplemental motion for summary judgment and a pending motion for reconsideration.

The parties engaged an experienced class action and ERISA mediator and attended two separate full-day mediations, which was followed by several weeks of follow up over the telephone when the parties finally accepted the mediator's proposal on August 8, 2017.

Thus, the posture of the litigation and the process of negotiating the Settlement indicate that the deal is informed and non-collusive. Further, the Settlement's terms demonstrate procedural fairness and lack of collusion.

### B. The Settlement Treats All Class Members Fairly

Next, the Court should consider whether the proposed Settlement improperly grants preferential treatment to the Class Representatives or any segment of the Class. *In re Tableware Antitrust Litig.,* 484 F. Supp. 2d at 1079. Here, the proposed Settlement affords all Class members relief based on the accrual of past service credit at a rate of 50% of their time at GEIC. The class members will receive

different amounts under the Settlement but that is based on the differences in the past service credit earned while at GEIC. The Settlement compensates each Class member in proportion to the harm he or she suffered.

## C. The Settlement Has No Obvious Deficiencies and Falls Well Within the Range of Possible Approval

In determining whether a proposed settlement is "fair, adequate, and reasonable," a court may consider the following factors: (a) the strength of the plaintiff's case; (b) the risk, expense, complexity, and likely duration of further litigation; (c) the risk of maintaining class action status throughout the trial; (d) the amount offered in settlement; (e) the extent of discovery completed and the stage of the proceedings; (f) the experience and views of counsel; (g) the presence of a governmental participant; and (h) the reaction of the class members to the proposed settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 576 (9th Cir. 2004); *see also Barani*, 2014 WL 1389329 at *4-8.

Since some of these factors cannot be fully evaluated until notice has been disseminated, "a full fairness analysis is unnecessary at this stage." *Barani*, 2014 WL 1389329 at *4 (citation omitted). Even so, the other factors establish that the proposed Settlement is an excellent result for the Class and worthy of this Court's approval.

### a. The Strength of Plaintiffs' Case and the Risk, Expense, Complexity, and Likely Duration of Further Litigation

Given that almost all class actions involve risk, expense, and complexity, the Ninth Circuit has a particularly strong judicial policy in favor of settlements in class action litigation. *Johnson v. General Mills, Inc.*, No. SACV 10-61-CJC(ANx), 2013 WL 3213832, at *2 (C.D. Cal. June 17, 2013) (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)).

Without settlement, the Parties would be forced to spend considerable time and resources on a trial. Moreover, trial and any post-trial motions and appeals would also further delay the resolution of this case.

### b. The Amount Offered in Settlement

The proposed Settlement provides a New Benefit in addition to the existing retirement benefits provided by the Plan. The New Benefit will grant "50% past service credit for years of employment by Golden Eagle Insurance Company for purposes of benefits accrual, and subject to all the other terms and conditions of the Plan." (Dkt. No. 332-4, Nicholas Decl., Ex. B, Settlement at ¶ 13.1.)

### c. The Extent of Discovery Completed and the State of Proceedings

Where a case is near trial, the Parties have conducted extensive discovery, and the issues have been thoroughly litigated, the stage of the proceedings weigh in favor of the proposed settlement. *Low v. Trump University, LLC*, Case Nos. 10cv940-GPC-WVG, 13cv2519-GPC(WVG), 2016 WL 7387292, at *3 (S.D. Cal. Dec. 20, 2016). Here, the Parties have completed fact and expert discovery, legal issues have been litigated and setting a trial date was the next step after a ruling on Defendants' motion for reconsideration. This factor weighs heavily in favor of the proposed Settlement.

### d. The Experience and Views of Class Counsel

Plaintiffs' counsel are well-versed in class action litigation, particularly employee class actions, and believe the proposed Settlement is fair, just and in the best interests of the Class.

### e. The Reaction of Class Members

The Class has yet to be notified of the Settlement and given an opportunity to object; thus, it is premature to assess this factors.

After considering the papers and supporting documents, including the Class Action Settlement Agreement and Release ("Settlement Agreement"), and good cause appearing, **IT IS HEREBY ORDERED** as follows:

1. For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Settlement Agreement unless a different definition is set

forth in this Order.

2. The Court finds that the requirements of Rule 23(b)(1) of the Federal Rules of Civil Procedure and other laws and rules applicable to preliminary settlement approval of class actions have been satisfied, and the Court preliminarily approves the settlement of this Action as memorialized in the Settlement Agreement, which is incorporated herein by this reference, as being fair, reasonable, and adequate to the Class and its members, subject to further consideration at the Final Fairness and Approval Hearing described below. The Court approves the Notice of Class Action Settlement ("Class Notice") attached as Exhibit A to the Settlement Agreement, which is attached as Exhibit B to the moving papers. The Court finds that the notice and objection process set out in the Settlement Agreement is the best notice practicable under the circumstances and suffices to meet the due process requirements imposed by the Constitution of the United States and Federal Rule of Civil Procedure 23. The completion of the notice process described in the moving papers shall constitute sufficient notice to all Class Members.

3. Defendants shall cause the Notice of Class Action Settlement ("Class Notice") to be provided to each Class Member, or in the case of any deceased Class Member, such Class Member's beneficiary as determined under the Plan, by **November 27, 2017**, according to the procedures described in the Settlement Agreement.

4. Plaintiffs shall file their motion for attorneys' fees and costs by **December 15, 2017**.

5. The deadline for objections by Class Members to the settlement is **January 16, 2018,** in the form and manner described in the Class Notice.

**6.** The deadline for a response to any objections by Class Members to the settlement is **January 30, 2018.**

7. The motion for Final Approval and Dismissal of the Action shall be filed

by **February 6, 2018**.

8. A hearing on the Final Approval and Dismissal of the Action shall be held on **March 2, 2018, at 1:30 p.m**. before the undersigned Judge in Courtroom 2D of the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA 92101.

9. At the above-mentioned hearing, the Court will determine:

   a. Whether the proposed Settlement is fair, reasonable, and adequate and whether it should be finally approved;

   b. Whether judgment as provided in the Settlement should be entered herein; and

   c. Whether to approve Class Counsel's application for an award of attorneys' fees and costs, and named Plaintiffs' application for an incentive award.

**10.** Defendants shall cause pension election kits to be sent to the Members of the Settlement Class by **March 9, 2018**. The deadline for Defendants to receive election forms from Class Members is **May 11, 2018.**

11. The Court reserves the right to adjourn the date of the Final Fairness and Approval Hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement, with such modifications as may be agreed to by the parties to the settlement, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**
Dated: November 15, 2017

Hon. Gonzalo P. Curiel
United States District Judge